# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| ANTHONY MALONE & BARBARA SIMS-MALONE, both on behalf of ANTHONY DeLANCE MALONE, deceased, )<br><br>Plaintiffs, )<br><br>v. )<br><br>ROBERT NIELSON, n/a Robert Nielsen, Superintendent, Bloomington Public Schools, District No. 87, individually and in his official capacity, )<br><br>Rebecca Francois, Director of Special Education, Bloomington Public Schools, District No. 87, individually and in her official capacity, )<br><br>Barry Reilly, Assistant Superintendent, Bloomington Public Schools, District No. 87, individually and in his official capacity, )<br><br>Cindy Helmers, High School Principal, Bloomington Public Schools, District No. 87, individually and in her official capacity, )<br><br>Cindy Lundberg, High School Counselor, Bloomington Public Schools, District No. 87, individually and in her official capacity, )<br><br>AnnMarie Steffen, High School Home Economics Teacher, Bloomington Public Schools, District No. 87, individually and in her official capacity, )<br><br>Timothy Moore, High School Assistant Principal, Bloomington Public Schools, District No. 87, individually and in his official capacity, | Case No. 04-01137 |

FILED

SEP 2 4 2004

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Joel Misukonis, High School Art Teacher,          )
Bloomington Public Schools, District No. 87,      )
individually and in his official capacity,         )
                                                   )
Donna Engle, High School                           )
Special Education Teacher,                          )
Bloomington Public Schools, District No. 87,       )
individually and in her official capacity,         )
                                                   )
Sally Tucker, Assistant Superintendent of          )
Curriculum & Instructions,                         )
Bloomington Public Schools, District No. 87,       )
in her official capacity,                          )
                                                   )
Janella Cooley, Board of Education of              )
Bloomington Public Schools, District No. 87,       )
in her official capacity,                          )
                                                   )
Diana McCauley, Board of Education of             )
Bloomington Public Schools, District No. 87,       )
in her official capacity,                          )
                                                   )
Randy Berg, Board of Education of                  )
Bloomington Public Schools, District No. 87,       )
in his official capacity,                          )
                                                   )
Keith Davis, Board of Education of                 )
Bloomington Public Schools, District No. 87,       )
in his official capacity,                          )
                                                   )
Janet Smith, Board of Education of                 )
Bloomington Public Schools, District No. 87,       )
in her official capacity,                          )
                                                   )
Cheryl Jackson, Board of Education of             )
Bloomington Public Schools, District No. 87,       )
in her official capacity,                          )
                                                   )
Kathy Havens-Payne, Board of Education of          )
Bloomington Public Schools, District No. 87,       )
in her official capacity,                          )

2

Board of Education of Bloomington          )
Public Schools, District No. 87,           )
                                           )
and                                        )
                                           )
Illinois State Board of Education,         )
                                           )
        Defendants.                        )

## SECOND AMENDED COMPLAINT

### COUNT I - - IDEA VIOLATIONS

Plaintiffs, Anthony Malone & Barbara Sims-Malone, both on behalf of Anthony DeLance Malone, deceased, by and through their attorney, Susan Frances of the Law Offices of Thomson & Weintraub, state the following in support of their Amended Complaint against Defendants, Board of Education of Bloomington Public Schools, District No. 87, and Illinois State Board of Education:

1.     This suit is brought and jurisdiction lies pursuant to Section 1415 of the Individuals with Disabilities Act (hereinafter, "IDEA"), 20 U.S.C. §1415.

2.     All conditions precedent to jurisdiction under Section 1415 of the IDEA, 20 U.S.C.1415(e), have occurred or been complied with.

        a.     All administrative remedies were exhausted, in that, a Due Process Hearing was held and a final order was entered on January 5, 2004.

        b.     The original Complaint was filed on May 3, 2004, within 120 days of the entry of the Hearing Officer's Order.

3.     Plaintiffs are the biological father and mother of Anthony DeLance Malone (hereinafter, "Lance"). Lance died on August 29, 2003. The Plaintiffs were the administrators of his intestacy estate.

3

4.    Lance and the Plaintiffs, Anthony Malone and Barbara Sims-Malone, are citizens of the United States and reside in the City of Bloomington in McLean County, State of Illinois, and resided there at all times relevant to this Amended Complaint.

5.    At all relevant times, Lance was a child with disabilities and a child with specific learning disabilities as defined by the Illinois School Code, 105 ILCS 5/14-1.02 and 5/14-1.03a, and a handicapped child as defined by the IDEA, 20 U.S.C. 1401(a)(1).

6.    All of the alleged violations of the IDEA were committed within the State of Illinois.

7.    Defendant Board of Education of Bloomington Public Schools, District No. 87, (hereinafter, "School District") is a local educational agency as defined by the IDEA, 20 U.S.C. 1401(a)(8).

8.    Defendant Illinois State Board of Education (hereinafter, "ISBE") is a State educational agency as defined by the IDEA, 20 U.S.C. 1401(a)(7).

9.    A Due Process Hearing was initiated by Plaintiffs, Anthony Malone and Barbara Sims-Malone, on behalf of their minor child, Anthony DeLance Malone.

10.    The order of relevant pleadings of the Due Process Hearing are as follows:

a.    On or about April 5, 2002, the School District filed a Motion in Limine and for Other Relief. Plaintiffs filed a response.

b.    On May 17, 2002, Hearing Officer Ladenson entered his Opinion and Ruling on School District's Motion in Limine and for Other Relief granting the School District's Motion.

c.    On or about October 31, 2003, the School District filed a Motion to Dismiss Due Process Hearing Request. Plaintiffs filed a response.

4

d.    On January 5, 2004, Hearing Officer Ladenson entered his Opinions and Order of Dismissal granting the School District's Motion.

11.    On May 3, 2004, Plaintiffs filed their original Complaint in this Court seeking redress for the issues alleged in the Due Process Hearing.

12.    The relevant issues alleged in the Due Process Hearing by Lance and Plaintiffs, Anthony Malone and Barbara Sims-Malone, include the following:

a.    Plaintiffs received an "Explanation of Procedural Safeguards Available to Parents of Students with Disabilities" and "A Parents' Guide, The Educational Rights of Students with Disabilities." These publications by the ISBE clearly stated the student and parents' rights under the Illinois School Code and the IDEA.
Plaintiffs claimed the following violations:

(i) No written notice prior to actual change in the student's educational placement, 20 U.S.C. 1412, 1414, 1415 and 105 ILCS 5/14-6.01, 8.02;

(ii) Failure to provide a free, appropriate public education, including, but not limited to, Lance's IEP being implemented in such a way that he was not being educated with his peers, 20 U.S.C. 1412, 1414, 1415, and 105 ILCS 5/14-6.01;

(iii) No parental consent to re-evaluations and re-evaluations not conducted in manner that was best to ensure the results accurately reflect the child's performance level, 20 U.S.C. 1412, 1414 and 105 ILCS 5/14-6.01, 8.02;

(iv) Violation of process for disciplining a student and change of placement process in that Lance was removed from two class periods with no notice to parents and suspended for more than 10 days with no IEP meeting being conducted, 20 U.S.C. 1414, 1415 and 105 ILCS 5/14-6.01, 8.02, 8.05;

5

(v) Even after being suspended for more than 10 days no Manifestation Determination Review was conducted, no functional assessment was conducted, and no behavior intervention plan was implemented, 20 U.S.C. 1415 and 105 ILCS 5/14-6.01, 8.05; and

(vi) Student was not provided with a free-appropriate public education during his suspensions from school, including, but not limited to, student not receiving make-up work and make-up work completed not being counted, 20 U.S.C. 1412 and 105 ILCS 5/14-6.01, 8.02, 8.05.

b.    Lance was a freshman at Bloomington Public Schools, District No. 87, High School during the 1999-2000 academic year and remained at the High School until he graduated at the end of the 2002-2003 academic year.

c.    Lance had an IEP under IDEA during his entire attendance at Bloomington Public Schools, District No. 87, High School.

d.    On February 17, 2000, Ms. Helmers, School District's High School Principal, sent a Student Referral Form to Ms. Steffen, School District's High School Home Economics Teacher, and they permanently removed Lance from Ms. Steffen's class. No notice was given to the parents and Lance's IEP was not changed.

e.    On or about February 17, 2000, Lance was removed from the cafeteria for lunch and ate his meals in a detention room alone. Lance was not allowed to buy food, but was brought water and a cold sandwich. This occurred for approximately three weeks. No notice was given to the parents and Lance's IEP was not changed.

f.    On or about March 2, 2000, an IEP meeting was held and no mention of the change in the minor child's classroom assignment or removal of the minor child from lunch was mentioned to Plaintiffs.

6

g.    Letter dated March 3, 2000, from Plaintiffs to Robert Nielsen, School District's Superintendent, and Rebecca Francois, School District's Director of Special Education, about Ms. Steffen, Ms. Helmers, and Ms. Lundberg removing Lance from Ms. Steffen's class without notice to the parents and without a change to Lance's IEP.

h.    Second letter dated March 3, 2000, from Plaintiffs to Ms. Steffen and copied to Robert Nielsen, School District's Superintendent, Rebecca Francois, School District's Director of Special Education, Barry Reilly, School District's Assistant Superintendent, and Lance's IEP team, including Sally Tucker, School District's Assistant Superintendent of Curriculum & Instructions, about Ms. Steffen and Ms. Helmers removing Lance from Ms. Steffen's class without notice to the parents and without a change to Lance's IEP.

i.    Third letter dated March 3, 2000, from Plaintiffs to Ms. Helmers, School District's High School Principal, about Lance's numerous suspensions.

j.    Letter dated June 2, 2000, from Plaintiffs to Robert Nielsen, School District's Superintendent, Rebecca Francois, School District's Director of Special Education, Barry Reilly, School District's Assistant Superintendent, Lance's IEP team, including Sally Tucker, School District's Assistant Superintendent of Curriculum & Instructions, Board of Education of Bloomington Public Schools, District No. 87, and Illinois State Board of Education about Ms. Steffen's not following Lance's IEP and about Ms. Helmers and Ms. Lundberg removing Lance from Ms. Steffen's class without notice to the parents and without a change to Lance's IEP.

k.    Letter dated August 10, 2000, from Plaintiffs to Robert Nielsen, School District's Superintendent, Rebecca Francois, School District's Director of Special Education, Lance's IEP team, including Sally Tucker, School District's Assistant Superintendent of

7

Curriculum & Instructions, and Illinois State Board of Education about Ms. Helmers, Ms. Lundberg, and Ms. Steffen removing Lance from Ms. Steffen's class without notice to the parents and without a change to Lance's IEP; Ms. Helmers and Ms. Lundberg removing Lance from lunch without notice to the parents and without a change to Lance's IEP; and about Ms. Engle's failure to implement Lance's IEP.

l.      During the 1999-2000 academic school year, Lance was removed from his regular course of study thirty-one (31) days for (i) all day out-of-school suspensions for fifteen (15) days, on or about October 18 and 19, 1999, December 6, 20, 21, and 31, 1999, February 1, 2, 7, 8, 9, 11, 14, 15, and 16, 2000; and (ii) all day in-school suspensions for sixteen (16) days, on or about October 14 and 15, 1999, December 9, 1999, February 25, 28, and 29, 2000, March 2, 3, and 7, 2000, and April 14, 25, 26, 27, and 28, 2000, and May 1 and 2, 2000. No Manifestation Determination Review was conducted. No Functional Behavioral Assessment was contemplated and no Behavioral Intervention Plan was implemented. Lance was not assisted with his curriculum during these suspensions, including not being given make-up work and not counting his completed make-up work.

m.      On October 23, 2000, Hearing Officer Julia Dempsey conducted a Due Process Hearing in which no written order was ever issued.

n.      Based on the transcript of the October 23, 2000, Due Process Hearing the School District and the ISBE were made fully aware of: 1) the School District's failure to provide a free appropriate public education and implement Lance's IEP, specifically of Ms. Steffen, Ms. Engle, and Mr. Misukonis failing to provide the required assistance to Lance; 2) the School District removing Lance from class and school for a period in excess of ten (10) days without notice to the parents or a change in Lance's IEP, including Ms. Helmers and Ms. Lundberg

8

having Lance eat lunch alone in a detention room for approximately three weeks without notice to his parents; 3) the School District, specifically Ms. Helmers, Ms. Lundberg, and Ms. Steffen removing Lance from Ms. Steffen's classroom and having Lance remain in a detention room alone during that class hour for approximately three weeks; 4) the above-referenced all day in-school and out-of-school suspensions; and 5) the School District's failure to provide Lance with a free, appropriate public education during his suspensions such that he was not given make-up work or his make-up work was not counted.

o.    Letter on March 1, 2002, from Plaintiffs to Board of Education of Bloomington Public Schools, District No. 87, including Janella Cooley, Diana McCauley, Randy Berg, Keith Davis, Janet Smith, Cheryl Jackson, and Kathy Havens-Payne, and copied to Robert Nielsen, School District's Superintendent, Sally Tucker, School District's Assistant Superintendent of Curriculum & Instructions, and Rebecca Francois, School District's Director of Special Education, about the School District's failure to accept consent by the parents for re-evaluation of Lance and to implement his IEP.

p.    Letter on March 13, 2002, from Plaintiffs to Board Members of the Board of Education of Bloomington Public Schools, District No. 87, and copied to Robert Nielsen, School District's Superintendent, Sally Tucker, School District's Assistant Superintendent of Curriculum & Instructions,  Rebecca Francois, School District's Director of Special Education, and Attorney Megan Paisley-Miller about the School District's failure to accept consent by the parents for re-evaluation of Lance.

13.    Lance incurred costs for psychological counseling services, including, but not limited to, being seen by Robert Stoner, due to the actions of Defendants Bloomington Public Schools, District No. 87, and Illinois State Board of Education.

9

14. Lance incurred costs for medical services due to the actions of Defendants Bloomington Public Schools, District No. 87, and Illinois State Board of Education.

15. Lance incurred the costs for transportation to and from his psychological counseling and medical services due to the actions of Defendants Bloomington Public Schools, District No. 87, and Illinois State Board of Education.

16. 20 U.S.C. §1415(e)(4) allows Plaintiffs to recover attorneys' fees and related costs.

17. The Plaintiffs have incurred attorneys' fees and related costs in the preparation and prosecution of this Complaint.

WHEREFORE, Plaintiffs, Anthony Malone and Barbara Sims-Malone, both on behalf of Anthony DeLance Malone, deceased, respectfully prays this Honorable Court to enter an order:

A. Finding and holding that Plaintiffs have suffered from Defendants' actions on the basis of failure to implement Lance's IEP and violation of the IDEA's procedural safeguards;

B. Requiring Defendants Bloomington Public Schools, District No. 87, and Illinois State Board of Education to reimbursement Plaintiffs for transportation costs and services rendered on behalf of Lance by psychologists and medical providers;

C. Requiring Defendants Bloomington Public Schools, District No. 87, and Illinois State Board of Education to pay Plaintiffs attorneys' fees and costs; and

D. Granting such further relief as this Court determines is just and proper.

### COUNT II - - SECTION 1983 VIOLATIONS BY OFFICIALS AND EMPLOYEES AS INDIVIDUALS

Plaintiffs, Anthony Malone & Barbara Sims-Malone, both on behalf of Anthony DeLance Malone, deceased, by and through their attorney, Susan Frances of the Law Offices of Thomson & Weintraub, state the following in support of their Amended Complaint against Defendants

10

ROBERT NIELSON, n/a Robert Nielsen, Superintendent, Bloomington Public Schools, District

No. 87, individually, Rebecca Francois, Director of Special Education, Bloomington Public

Schools, District No. 87, individually, Barry Reilly, Assistant Superintendent, Bloomington

Public Schools, District No. 87, individually, Cindy Helmers, High School Principal,

Bloomington Public Schools, District No. 87, individually, Cindy Lundberg, High School

Counselor, Bloomington Public Schools, District No. 87, individually, AnnMarie Steffen, High

School Home Economics Teacher, Bloomington Public Schools, District No. 87, individually,

Timothy Moore, High School Assistant Principal, Bloomington Public Schools, District No. 87,

individually, Joel Misukonis, High School Art Teacher, Bloomington Public Schools, District

No. 87, individually, and Donna Engle, High School Special Education Teacher, Bloomington

Public Schools, District No. 87, individually:

1.    This suit is brought and jurisdiction lies pursuant to 42 U.S.C. §1983 (hereinafter,

"Section 1983").

2.    The original Complaint was filed on May 3, 2004, within two years of the entry of

the Hearing Officer's Order filed on January 5, 2004.

3.    Plaintiffs are the biological father and mother of Anthony DeLance Malone

(hereinafter, "Lance"). Lance died on August 29, 2003. The Plaintiffs were the administrators of

his intestacy estate.

4.    Lance and the Plaintiffs, Anthony Malone and Barbara Sims-Malone, are citizens

of the United States and reside in the City of Bloomington in McLean County, State of Illinois,

and resided there at all times relevant to this Amended Complaint.

5.    At all relevant times, Lance was a child with disabilities and a child with specific

learning disabilities as defined by the Illinois School Code, 105 ILCS 5/14-1.02 and 5/14-1.03a,

11

and a handicapped child as defined by the IDEA, 20 U.S.C. 1401(a)(1).

6.    All of the alleged violations were committed within the State of Illinois.

7.    All Defendants individually named in this Count are employees of the Board of Education of Bloomington Public Schools, District No. 87.

8.    Actions of ROBERT NIELSON, n/a Robert Nielsen, Superintendent, include, during the 1999-2000 academic year, causing emotional distress to Lance and failing to implement Lance's IEP by removing him from Ms. Steffen's classroom and his lunch period without notice to parents and without an IEP meeting, by suspending him in excess of 10 days without conducting a Manifestation Determination Review or functional behavioral analysis or implementing a behavioral intervention plan, by not providing him with or allowing him to turn in make-up work during his suspensions, and by not conducting the required re-evaluation in a timely manner.

9.    Actions of Rebecca Francois, Director of Special Education, include:

(i) During the 1999-2000 academic year, causing emotional distress to Lance and failing to implement Lance's IEP by removing him from Ms. Steffen's classroom and his lunch period without notice to parents and without an IEP meeting, by suspending him in excess of 10 days without conducting a Manifestation Determination Review or functional behavioral analysis or implementing a behavioral intervention plan, by not providing him with or allowing him to turn in make-up work during his suspensions, and by not conducting the required re-evaluation in a timely manner; and

(ii) During the 2000-2001 academic year, causing emotional distress to Lance and failing to implement Lance's IEP by not allowing him to be educated with his peers, including instructing teachers to literally put Lance at a desk in the corner instead of sitting with the class

12

while he worked on his curriculum and not allowing him to work with peers in groups, and by not conducting the required re-evaluation in a timely manner.

10.    Actions of Barry Reilly, Assistant Superintendent, include, during the 1999-2000 academic year, causing emotional distress to Lance and failing to implement Lance's IEP by removing him from Ms. Steffen's classroom and his lunch period without notice to parents and without an IEP meeting, by suspending him in excess of 10 days without conducting a Manifestation Determination Review or functional behavioral analysis or implementing a behavioral intervention plan, by not providing him with or allowing him to turn in make-up work during his suspensions, and by not conducting the required re-evaluation in a timely manner.

11.    Actions of Cindy Helmers, High School Principal, include:

(i) During the 1999-2000 academic year, causing emotional distress to Lance and failing to implement Lance's IEP by removing him from Ms. Steffen's classroom and his lunch period without notice to parents and without an IEP meeting, by suspending him in excess of 10 days without conducting a Manifestation Determination Review or functional behavioral analysis or implementing a behavioral intervention plan, by not providing him with or allowing him to turn in make-up work during his suspensions, and by not conducting the required re-evaluation in a timely manner; and

(ii) During the 2000-2001 academic year, causing emotional distress to Lance by pointing at him while talking to other administrators or teachers and talking loud enough that he could hear her say negative things about him when he walked by.

12.    Actions of Cindy Lundberg, High School Counselor, include, during the 1999-2000 academic year, causing emotional distress to Lance and failing to implement Lance's IEP by removing him from Ms. Steffen's classroom and his lunch period without notice to parents

13

and without an IEP meeting and speaking to Lance about a hygiene problem and telling him none of his teachers wanted him in their classroom because of his body order and then denying to Plaintiffs that the conversation occurred.

13. Actions of AnnMarie Steffen, High School Home Economics Teacher, include, during the 1999-2000 academic year, causing emotional distress to Lance and failing to implement Lance's IEP by removing him from her classroom without notice to parents and without alternate educational curriculum being assigned.

14. Actions of Timothy Moore, High School Assistant Principal, include:

(i) During the 2000-2001 academic year, causing emotional distress to Lance by enforcing rules with regard to going to the parking lot during lunch period and wearing identification badges against Lance in a manner different than with other students; and

(ii) During the 2001-2002 academic year, causing emotional distress to Lance by interfering with Lance's ability to participate in extra-curricular activities, specifically basketball, just as students without disabilities are able; and

(iii) During the 2002-2003 academic year, causing emotional distress to Lance by enforcing rules with regard to going to the parking lot during lunch period and wearing identification badges against Lance in a manner different than with other students.

15. Actions of Joel Misukonis, High School Art Teacher, include, during the 1999-2000 academic year, causing emotional distress to Lance and failing to implement Lance's IEP by not modifying assignments or tests, not providing one-on-one help when requested by student, and not accepting make-up homework.

16. Actions of Donna Engle, High School Special Education Teacher, include, during the 1999-2000 academic year, causing emotional distress to Lance and failing to implement

14

Lance's IEP by not modifying assignments or tests, not providing one-on-one help when requested by student, not accepting make-up homework, and stating to Lance and Plaintiffs that it didn't matter what work Lance did, she was going to fail him.

17.     Lance's emotional distress was a direct proximate result of the actions of the Defendant individuals listed in Sections 8 - 16 above.

18.     One or more of the actions of the Defendant individuals listed in Sections 8 - 16 above proximately caused emotional distress to Lance.

19.     Lance saw Robert E. Stoner, a clinical psychologist, who issued a report on May 4, 2002, that stated Lance identified his current problems of anxiety and depression related symptoms as beginning during the 1999-2000 academic year and Lance had a significant degree of depression, DSM IV - - 300.4, Dysthymic Disorder, and, when in school, a high degree of tension and anxiety, DSM IV - - 300.02, Generalized Anxiety Disorder.

20.     As a result of the harm Lance suffered, he incurred costs for psychological counseling services, including, but not limited to, being seen by Robert Stoner, due to the actions of Defendants listed above.

21.     As a result of the harm Lance suffered, he incurred costs for medical services due to the actions of Defendants listed above.

22.     As a result of the harm Lance suffered, he incurred the costs for transportation to and from his psychological counseling and medical services due to the actions of Defendants listed above.

23.     The Plaintiffs have incurred attorneys' fees and related costs in the preparation and prosecution of this Complaint.

WHEREFORE, Plaintiffs, Anthony Malone and Barbara Sims-Malone, both on behalf of

15

Anthony DeLance Malone, deceased, respectfully request the judgement of this Court, against

Defendants listed in this Count, as follows:

A.     Find and hold that Plaintiffs have suffered as a result of Defendants' actions;

B.     Order the Plaintiffs be awarded compensatory damages incurred on behalf of

Lance in an amount to be determined at trial of this matter;

C.     Order the Plaintiffs be awarded damages for emotional distress suffered by Lance

in an amount to be determined at trial of this matter;

D.     Award Plaintiffs attorneys' fees and costs; and

E.     Grant such further relief as this Court determines is just and proper.

## COUNT III - - SECTION 1983 VIOLATIONS BY OFFICIALS AND EMPLOYEES IN THEIR OFFICIAL CAPACITIES

Plaintiffs, Anthony Malone & Barbara Sims-Malone, both on behalf of Anthony DeLance

Malone, deceased, by and through their attorney, Susan Frances of the Law Offices of Thomson

& Weintraub, state the following in support of their Amended Complaint against Defendants

ROBERT NIELSON, n/a Robert Nielsen, Superintendent, Bloomington Public Schools, District

No. 87, in his official capacity, Rebecca Francois, Director of Special Education, Bloomington

Public Schools, District No. 87, in her official capacity, Barry Reilly, Assistant Superintendent,

Bloomington Public Schools, District No. 87, in his official capacity, Cindy Helmers, High

School Principal, Bloomington Public Schools, District No. 87, in her official capacity, Cindy

Lundberg, High School Counselor, Bloomington Public Schools, District No. 87, in her official

capacity, AnnMarie Steffen, High School Home Economics Teacher, Bloomington Public

Schools, District No. 87, in her official capacity, Timothy Moore, High School Assistant

Principal, Bloomington Public Schools, District No. 87, in her official capacity, Joel Misukonis,

High School Art Teacher, Bloomington Public Schools, District No. 87, in his official capacity,

16

Donna Engle, High School Special Education Teacher, Bloomington Public Schools, District No. 87, in her official capacity, and Sally Tucker, Assistant Superintendent of Curriculum & Instructions, Bloomington Public Schools, District No. 87, in her official capacity:

1.     This suit is brought and jurisdiction lies pursuant to 42 U.S.C. §1983 (hereinafter, "Section 1983").

2.     The original Complaint in this cause of action was filed on May 3, 2004, within two years of the entry of the Hearing Officer Ladenson's final written order issued on January 5, 2004.

3.     Plaintiffs are the biological father and mother of Anthony DeLance Malone (hereinafter, "Lance"). Lance died on August 29, 2003. The Plaintiffs were the administrators of his intestacy estate.

4.     Lance and the Plaintiffs, Anthony Malone and Barbara Sims-Malone, are citizens of the United States and reside in the City of Bloomington in McLean County, State of Illinois, and resided there at all times relevant to this Amended Complaint.

5.     At all relevant times, Lance was a child with disabilities and a child with specific learning disabilities as defined by the Illinois School Code, 105 ILCS 5/14-1.02 and 5/14-1.03a, and a handicapped child as defined by the IDEA, 20 U.S.C. 1401(a)(1).

6.     All of the alleged violations were committed within the State of Illinois.

7.     Defendant Board of Education of Bloomington Public Schools, District No. 87, (hereinafter, "School District") is a local educational agency as defined by the IDEA, 20 U.S.C. 1401(a)(8).

8.     All Defendants individually named in this Count are either an employee of the Board of Education of Bloomington Public Schools, District No. 87, or a member of the Board

17

for the Board of Education of Bloomington Public Schools, District No. 87.

9.    For the relevant violations alleged by Lance and Plaintiffs, Anthony Malone and Barbara Sims-Malone, see Section 12(a)-(p) in Count I above and Sections 8-16 in Count II above.

10.    Lance's emotional distress was a direct proximate result of the actions of the Defendants listed in Sections 8 - 16 in Count II above.

11.    One or more of the actions of the Defendants listed in Sections 8 - 16 in Count II above proximately caused emotional distress to Lance.

12.    Lance saw Robert E. Stoner, a clinical psychologist, who issued a report on May 4, 2002, that stated Lance identified his current problems of anxiety and depression related symptoms as beginning during the 1999-2000 academic year and Lance had a significant degree of depression, DSM IV - - 300.4, Dysthymic Disorder, and, when in school, a high degree of tension and anxiety, DSM IV - - 300.02, Generalized Anxiety Disorder.

13.    As a result of the harm Lance suffered, he incurred costs for psychological counseling services, including, but not limited to, being seen by Robert Stoner, due to the actions of Defendants listed above.

14.    As a result of the harm Lance suffered, he incurred costs for medical services due to the actions of Defendants listed above.

15.    As a result of the harm Lance suffered, he incurred the costs for transportation to and from his psychological counseling and medical services due to the actions of Defendants listed above.

16.    The Plaintiffs have incurred attorneys' fees and related costs in the preparation and prosecution of this Complaint.

18

WHEREFORE, Plaintiffs, Anthony Malone and Barbara Sims-Malone, both on behalf of

Anthony DeLance Malone, deceased, respectfully request the judgement of this Court, against

Defendants listed in this Count, as follows:

A.    Find and hold that Plaintiffs have suffered as a Defendants' actions;

B.    Order the Plaintiffs be awarded compensatory damages incurred on behalf of

Lance in an amount to be determined at trial of this matter;

C.    Order the Plaintiffs be awarded damages for emotional distress suffered by Lance

in an amount to be determined at trial of this matter;

D.    Order the Plaintiffs be awarded punitive damages in an amount to be determined

at trial of this matter;

E.    Award Plaintiffs attorneys' fees and costs; and

F.    Grant such further relief as this Court determines is just and proper.

## COUNT IV - - SECTION 1983 VIOLATIONS BY
## SCHOOL DISTRICT

Plaintiffs, Anthony Malone & Barbara Sims-Malone, both on behalf of Anthony DeLance

Malone, deceased, by and through their attorney, Susan Frances of the Law Offices of Thomson

& Weintraub, state the following in support of their Amended Complaint against Defendants

Janella Cooley, Board of Education of Bloomington Public Schools, District No. 87, in her

official capacity, Diana McCauley, Board of Education of Bloomington Public Schools, District

No. 87, in her official capacity, Randy Berg, Board of Education of Bloomington Public Schools,

District No. 87, in his official capacity, Keith Davis, Board of Education of Bloomington Public

Schools, District No. 87, in his official capacity, Janet Smith, Board of Education of

Bloomington Public Schools, District No. 87, in her official capacity, Board of Education of

Cheryl Jackson, Board of Education of Bloomington Public Schools, District No. 87, in her

19

official capacity, Kathy Havens-Payne, Board of Education of Bloomington Public Schools,

District No. 87, in her official capacity, and Board of Education of Bloomington Public Schools,

District No. 87:

1.     This suit is brought and jurisdiction lies pursuant to 42 U.S.C. §1983 (hereinafter,

"Section 1983").

2.     The original Complaint in this cause of action was filed on May 3, 2004, within

two years of the entry of the Hearing Officer Ladenson's final written order issued on January 5,

2004.

3.     Plaintiffs are the biological father and mother of Anthony DeLance Malone

(hereinafter, "Lance"). Lance died on August 29, 2003. The Plaintiffs were the administrators of

his intestacy estate.

4.     Lance and the Plaintiffs, Anthony Malone and Barbara Sims-Malone, are citizens

of the United States and reside in the City of Bloomington in McLean County, State of Illinois,

and resided there at all times relevant to this Amended Complaint.

5.     At all relevant times, Lance was a child with disabilities and a child with specific

learning disabilities as defined by the Illinois School Code, 105 ILCS 5/14-1.02 and 5/14-1.03a,

and a handicapped child as defined by the IDEA, 20 U.S.C. 1401(a)(1).

6.     All of the alleged violations were committed within the State of Illinois.

7.     Defendant Board of Education of Bloomington Public Schools, District No. 87,

(hereinafter, "School District") is a local educational agency as defined by the IDEA, 20 U.S.C.

1401(a)(8).

8.     All Defendants named individually above are members of the Board for the Board

of Education of Bloomington Public Schools, District No. 87.

9.    The violations of a federal statute by the Defendant Board of Education of Bloomington Public Schools, District No. 87 are set forth in Section 12(a)-(p) in Count I above and Sections 8-16 in Count II above.

10.    Defendant Board of Education of Bloomington Public Schools, District No. 87, had actual notice as listed in Section 12(a)-(p) in Count I above of the actions of the individuals listed in Sections 8-16 in Count II above and did nothing to prevent the harm caused to Lance.

11.    The treatment of Lance by the agents of Defendant Board of Education of Bloomington Public Schools, District No. 87, are a part of the School District's informal, yet well-established practice of how to manage a student with an IEP.

12.    Lance's emotional distress was a direct proximate result of the actions and the failure to act by Defendant Board of Education of Bloomington Public Schools, District No. 87.

13.    The actions and inactions of the Defendant Board of Education of Bloomington Public Schools, District No. 87, proximately caused emotional distress to Lance.

14.    Lance saw Robert E. Stoner, a clinical psychologist, who issued a report on May 4, 2002, that stated Lance identified his current problems of anxiety and depression related symptoms as beginning during the 1999-2000 academic year and Lance had a significant degree of depression, DSM IV - - 300.4, Dysthymic Disorder, and, when in school, a high degree of tension and anxiety, DSM IV - - 300.02, Generalized Anxiety Disorder.

15.    As a result of the harm Lance suffered, he incurred costs for psychological counseling services, including, but not limited to, being seen by Robert Stoner, due to the actions of Defendant Board of Education of Bloomington Public Schools, District No. 87.

16.    As a result of the harm Lance suffered, he incurred costs for medical services due to the actions of Defendant Board of Education of Bloomington Public Schools, District No. 87.

21

17.     As a result of the harm Lance suffered, he incurred the costs for transportation to

and from his psychological counseling and medical services due to the actions of Defendant

Board of Education of Bloomington Public Schools, District No. 87.

18.     The Plaintiffs have incurred attorneys' fees and related costs in the preparation

and prosecution of this Complaint.

WHEREFORE, Plaintiffs, Anthony Malone and Barbara Sims-Malone, both on behalf of

Anthony DeLance Malone, deceased, respectfully request the judgement of this Court, against

Defendants listed in this Count, as follows:

A.     Find and hold that Plaintiffs have suffered as a result of Defendant's actions;

B.     Order the Plaintiffs be awarded compensatory damages incurred on behalf of

Lance in an amount to be determined at trial of this matter;

C.     Order the Plaintiffs be awarded damages for emotional distress suffered by Lance

in an amount to be determined at trial of this matter;

D.     Order the Plaintiffs be awarded punitive damages in an amount to be determined

at trial of this matter;

E.     Award Plaintiffs attorneys' fees and costs; and

F.     Grant such further relief as this Court determines is just and proper.

> Respectfully submitted,
> Anthony Malone & Barbara Sims-Malone, both on
> behalf of Anthony DeLance Malone, deceased
>
> By: _Susan Frances_
>
> Susan Frances, Plaintiffs' Attorney

Prepared by: SUSAN FRANCES
LAW OFFICES OF THOMSON & WEINTRAUB
105 NORTH CENTER STREET, P.O. BOX 3577
BLOOMINGTON, ILLINOIS 61702-3577
TELEPHONE (309)829-7069; FAX (309)827-3458
EMAIL: SFRANCES@TNWLAW.COM

22

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| ANTHONY MALONE & BARBARA SIMS-MALONE, both on behalf of ANTHONY DeLANCE MALONE, deceased,<br><br>          Plaintiffs,<br><br>          v.<br><br>ROBERT NIELSON, Superintendent, et al.,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 04-01137<br>)<br>)<br>)<br>)<br>) |

### NOTICE OF FILING

To:    See Attached Service List

PLEASE TAKE NOTICE THAT on **September 23, 2004**, I have filed with the Office of the Clerk of the United States District Court, Central District of Illinois - Peoria Division, a SECOND AMENDED COMPLAINT, a copy of which is attached hereto and served upon you.

*Susan Frances*

Susan Frances

LAW OFFICES OF THOMSON & WEINTRAUB
105 NORTH CENTER STREET
P.O. BOX 3577
BLOOMINGTON, ILLINOIS 61702-3577
TELEPHONE (309)829-7069; FAX (309)827-3458
EMAIL: SFRANCES@TNWLAW.COM

## PROOF OF SERVICE

The undersigned, being first duly sworn, on oath deposes and says that she served the above Notice of Filing and attachments upon the individuals, at their respective addresses, by placing copies of same into envelopes correctly addressed as appearing on the following Service List, bearing sufficient first class postage prepaid, and depositing same into the U.S. Mail on Center Street in Bloomington, Illinois, before 5:00 p.m. on September 23, 2004.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Susan Frances

Subscribed and sworn to before me this
23rd day of September    , 2004.

Notary Public

"OFFICIAL SEAL"
Debbie L. Melton
Notary Public, State of Illinois
My Commission Exp. 12/18/2006

## MALONE v. ILLINOIS STATE BOARD OF EDUCATION, et al.
## SERVICE LIST

Megan Guenther
MILLER, TRACY, BRAUN, FUNK, &
GUENTHER, LTD
316 South Charter Street
P.O. Box 80
Monticello, Illinois 61856-0080

Stephanie Shallenberger
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706

Darcy L. Proctor &
Stephanie A. Benway
Ancel, Glink, Diamond, Bush, Dicianni & Rolek, P.C.
The Marqquette Bldg., 6th Floor
140 South Dearborn Street
Chicago, Illinois 60603

Robert Neirynck
Costigan & Wollrab, P.C.
308 East Washington Street
Bloomington, Illinois 61701

2