E-FILED
Monday, 04 October, 2004  09:41:52 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ANTHONY MALONE & BARBARA SIMS-MALONE, both on behalf of ANTHONY DELANCE MALONE, deceased,<br><br>    Plaintiffs,<br><br>v.<br><br>ROBERT NIELSON, Superintendent, Bloomington School District #87, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 04-1137<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

NOW COMES one of the Defendants, the ILLINOIS STATE BOARD OF EDUCATION, by and through its attorney, Lisa Madigan, Attorney General for the State of Illinois, and in support of its Motion to Dismiss Plaintiffs' Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1), represents unto the Court as follows:

**I.     Introduction**

The parents of Anthony DeLance Malone filed their Second Amended Complaint on or about September 24, 2004, on behalf of their deceased son. Count I of Plaintiffs' Second Amended Complaint is the only cause of action against the State Board of Education ("ISBE"). In that Count, Plaintiffs allege that the Illinois State Board of Education violated the Individuals with Disabilities Education Act ("IDEA").

Plaintiffs' Second Amended Complaint should be dismissed against ISBE because this court lacks subject matter jurisdiction over Plaintiffs' claims.

II.    ARGUMENT

    1.    **This Court Lacks Subject Matter Jurisdiction Because the Plaintiffs Do Not Have Standing to Sue Pursuant to IDEA.**

The analysis of a litigant's standing focuses on the party who is bringing the suit rather than the claim itself. <u>Family & Children's Center Inc., v. Sch. City of Mishawaka</u> 13 F.3d 1052, 1058 (7th Cir. 1994). Questions of standing are resolved using a two-part inquiry that considers "both constitutional limitations of federal-court jurisdiction and prudential limitations in its exercise." <u>Id</u>. (quoting <u>Galdstone Realtors v. Village of Bellwood</u>, 441 U.S. 91, 99 (1979)). A litigant must satisfy both constitutional and prudential limitations in order to have standing to sue in federal court. <u>Id</u>. For purposes of this motion, Defendant only challenges Plaintiffs' constitutional standing.

Pursuant to Article III, a plaintiff must demonstrate a case or controversy between himself and the defendant. <u>Id</u>. To do this, the plaintiff must allege: (1) an immediate threat of injury to the plaintiff; (2) fairly traceable to the defendant's conduct; that (3) a favorable federal court decision would likely redress or remedy. <u>Id</u>.

Plaintiffs cannot satisfy this burden. Plaintiffs' Second Amended Complaint does not allege an immediate threat of injury to the Plaintiffs. The parents in this case are not suing on their own behalf. The Seventh Circuit has held that the first prong of the standing test "probes for an 'actual or imminent' injury that is 'concrete and particularized' to the *party* asserting the claim." <u>Id</u>. at 1058 (emphasis added). Here, Anthony Malone's parents are bringing this suit on their deceased son's behalf. There is no actual or imminent injury to Anthony Malone because he is deceased.

Mr. and Mrs. Malone assert in their Second Amended Complaint that they are the administrators of Anthony's estate. Defendants' counsel investigated this allegation and discovered no administrators have been appointed nor has an estate been opened for

Anthony DeLance Malone in the county where he resided, McLean County. Furthermore, Plaintiffs do not assert that letters testamentary have been issued.

The longstanding rule in Illinois is that only an appointed executor or administrator of a decedent's estate can have standing to sue, but legatees, heirs and devisees have no such standing. Wilmere v. Stibolt, 152 Ill.App.3d 642, 645, 504 N.E.2d 916, 917 (1987); *See also* Ramirz v. City of Chicago, 82 F. Supp.2d 836, 842 (ruling that plaintiff's representing the next of kin and not the decedent's estate lack standing).

Assuming *arguendo* that Plaintiffs have gone through the formal court proceeding to be appointed the administrators of the decedent's estate or that they could cure this defect, they still cannot satisfy the standing requirements.

The third threshold requirement is that the Plaintiffs must prove that a favorable federal court decision likely would redress or remedy the harm alleged. Plaintiffs allege violations of their deceased child's "individualized education program" or "IEP" prior to his obtaining the age of eighteen and prior to his death in violation of the IDEA. It is well settled that the remedies available for an IDEA violation are limited to those enumerated under the act. Charlie F. v. Bd. Of Edc. Of Skokie Sch., 98 F.3d 989, 991-992. (7th Cir. 1996). The Seventh Circuit in Charlie F. stated that because the IDEA has an elaborate provision for educational services and payments to those who deliver them, requests for monetary relief are inconsistent with the relief available under the statute. 98 F.3d 989, 991 (7th Cir. 1996). Likewise, the court noted that despite what relief a parent may request in his complaint, if the complaint requests relief pursuant to IDEA, then the remedies are limited to those available under the act. Id. at 992. Moreover, "by making an unreasonable or unattainable demand, parents cannot opt out of the IDEA." Id. The court specifically interpreted "relief available" under the act to mean "relief for the

3

events, conditions, or consequences of which the person complains, not relief of the kind the person prefers." Finally, the court concluded that "damages are not relief that is available under IDEA. Id.

In the case at bar, Plaintiffs' remedies would be limited to those available under the IDEA. Plaintiffs, however, are requesting monetary damages, but these are not available under IDEA as discussed above. The IDEA "is concerned with the education of each individual student." Reid L. V. Illinois State Bd. Of Educ., 358 F.3d 511, 515 (7th Cir. 2004). The Seventh Circuit noted that it is through the procedural safeguards set forth in Section 1415(b)(1) that the IDEA provides for the enforcement of a "free appropriate public education to *children* with disabilities." Id. at 516. (emphasis added). The procedural safeguards set forth in Section 1415(b)(1) include:

> an opportunity for the parents of a child with a disability to examine all records relating to such child and to participate in meetings with respect to the identification, evaluation, and educational placement of the child, and the provision of a free appropriate public education to such child, and to obtain an independent educational evaluation of the child.

20 U.S.C. § 1415(b)(1).

Plaintiffs cannot prove that a favorable federal court decision would redress or remedy the harm alleged. Since no monetary relief is available under IDEA, any rulings by the Court that Anthony Malone's IEP was or was not violated would be futile. A change to Anthony Malone's educational plan cannot help him since he is deceased, and therefore no longer receiving educational services provided under the act. In McCormick v. Waukegan Sch. Dist., 374 F.3d 564, 568 (7th Cir. 2004), the court noted that the fact that the "child" in that case had since graduated highschool did not necessarily eliminate the possibility of him receiving benefits provided under IDEA and thus the issue was not moot. However, in the case at bar, the fact that Anthony DeLance Malone not only graduated highschool at the end of the 2002-2003 academic

year (Second Amended Complaint, par. 12(b)), but is also deceased, prohibits him from receiving any benefits under IDEA. Accordingly, Plaintiffs lack standing to pursue a claim because there is no remedy available to a deceased person under the IDEA.

Additionally, Plaintiffs states in their Second Amended Complaint that Hearing Officer Ladenson entered his Opinions and Order of Dismissal on January 5, 2004. Plaintiffs also attached Hearing Officer Ladenson's decision to their original Complaint whereby Mr. Ladenson dismissed the case because under the purview of the powers granted to him under the IDEA, he could not issue any child specific orders with respect to a deceased child concerning the identification, evaluation, educational placement, or measures the School District must implement to provide the student an appropriate public education.

This is consistent the Seventh Circuit's holding that the IDEA "is concerned with the education of each individual student." Reid L. V. Illinois State Bd. Of Educ., 358 F.3d 511, 515 (7th Cir. 2004). The fact that Anthony DeLance Malone is now deceased forecloses any available remedy to him or on his behalf within the purview of the IDEA. Thus, the Plaintiffs cannot satisfy the third standing requirement that a favorable federal court decision pursuant to IDEA would likely redress or remedy the harm alleged to Anthony DeLance Malone.

2. **Plaintiffs' IDEA Claims are Barred by the Statute of Limitations.**

Under IDEA, a request for judicial review of an administrative decision regarding a student's educational program is governed by a 120 day statute of limitations. Dell v. Bd of Educ. Of Township High Sch. Dist., 32 F.3d 1053 (7th Cir. 1994); Bd. of Educ. Of City of Chicago v. Wolinsky, 842 F.Supp. 1080 (N.D. Ill. 1993). The time period begins to accrue on the day the hearing officer decision is sent to the parties by certified mail. Benik v. Lisle Comm. Unit Sch. Dist., 1997 WL 566386, *7 (N.D. Ill. Sept. 8, 1997)

(rejecting the plaintiffs' Rule 6(e) argument to extend the 120 filing requirement by an additional three day and imposing a strict 120-day limitation period to a claim filed on 121st day); see also Dell, 32 F.3d 1060 (recognizing the strict 120 day filing requirement).

In this case, Defendant assumes that Plaintiffs are requesting this Court to review Hearing Officer Ladenson's decision mailed to Plaintiffs on January 5, 2004. A review of the record indicates that the Complaint was filed on May 6, 2004, two days after the 120 day filing period. Although the Plaintiffs were *pro se* litigants at the time they filed their original Complaint, even *pro se* litigants are required to comply with procedural rules. Jones v. Phillips, 39 F.3d 158, 163 (7th Cir. 1994). Therefore, Plaintiffs failed to comply with the applicable statute of limitations and their IDEA claims must be dismissed.

WHEREFORE, Defendant, ILLINOIS STATE BOARD OF EDUCATION, respectfully requests this Court to dismiss Plaintiffs' Second Complaint against it.

Respectfully submitted,

ILLINOIS STATE BOARD OF EDUCATION,

Defendant,

LISA MADIGAN, Attorney General, State of Illinois,

Stephanie L. Shallenberger, #6279773            Attorney for Defendant,
Assistant Attorney General
500 S. Second Street
Springfield, IL 62706
(217) 785-4555                                  By  /s/ Stephanie L. Shallenberger
                                                    Stephanie L. Shallenberger
Of Counsel.                                         Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2004, I electronically filed the foregoing Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Megan Guenther
Miller, Tracy, Braun, Funk &
   Guenther, Ltd.
316 S. Charter
P.O. Box 80
Monticello, IL 61856-0080
mguenther@millertracy.com

and I hereby certify that on October 4, 2004, I mailed by United States Postal Service, the document to the following non-registered participants:

Darcy L. Proctor
Stephanie A. Benway
Ancel, Glink, Diamond, Bush,
   Dicianni & Rolek, P.C.
140 S. Dearborn St., Suite 600
Chicago, IL 60603

Robert W. Neirynck
John Casey Costigan
Carrie Borowski
Costigan & Wollrab, P.C.
308 E. Washington St.
P.O. Box 3127
Bloomington, IL 61702-3127

Susan Frances
Thomson & Weintraub
105 N. Center
P.O. Box 3577
Bloomington, IL 61702-3577

Respectfully submitted,

/s/ Stephanie L. Shallenberger
Stephanie L. Shallenberger, #6279773
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 785-4555
Facsimile:  (217) 524-5091
sshallenberger@atg.state.il.us