E-FILED
Thursday, 07 October, 2004  05:13:01 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| Anthony and Barbara Malone, ) | |
| c/o Anthony Malone, Deceased, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 04-1137 |
| vs. ) | |
| ) | |
| Illinois State Board of Education, Bloomington ) | |
| School District #87, Robert Neilson, Becky ) | |
| Francois, Barry Reilly, Cindy Helmers, Cindy ) | |
| Lundberg, Ann Marie Stephen, Tim Moore, Joel ) | |
| Misukonis, Donna Engles, Bloomington Dist. 87 ) | |
| School Board, ) | |
| ) | |
| Defendants. ) | |

**BLOOMINGTON SCHOOL DISTRICT DEFENDANTS'
MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT**

The Defendants, Robert Neilson, Rebecca Francois, Barry Reilly, Cindy Helmers, Cindy Lundberg, Ann Marie Stephen, Timothy Moore, Joel Misukonis, Donna Engle, Sally Tucker, Janella Cooley, Diana McCauley, Randy Berg, Keith Davis, Janet Smith, Cheryl Jackson, and Kathy Havens-Pane, and the Board of Education of Bloomington Public Schools, District No. 87 (collectively the "Bloomington School District Defendants"), by and through their attorneys, Darcy L. Proctor and Stephanie A. Benway, of the law firm of Ancel, Glink, Diamond, Bush, DiCianni & Rolek, P.C., pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, hereby submit their memorandum of law in support of their Motion to Dismiss Plaintiffs' Second Amended Complaint as follows:

1

**I.      INTRODUCTION**

The parents of Anthony DeLance Malone ("Anthony") have filed a four-count Second Amended Complaint against the Bloomington School District Defendants on behalf of their deceased son. Count I alleges that the Bloomington School District Defendants violated the Individuals With Disabilities Education Act ("IDEA"). Counts II through IV are brought pursuant to 42 U.S.C. §1983 and are predicated on the Defendants' purported violations of IDEA. Plaintiffs complaint must be dismissed pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure because Plaintiffs lack standing to sue, and because Plaintiffs have failed to state a claim upon which relief can be granted.

**II.     PLAINTIFFS' SECOND AMENDED COMPLAINT MUST BE DISMISSED BECAUSE THEY LACK STANDING TO SUE.**

Plaintiffs do not have standing to sue on behalf of their adult decedent son pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. As the party invoking federal jurisdiction, the plaintiffs bear the burden of establishing the required elements of standing. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003); *see also Family & Children's Center, Inc. v. School of Mishawaka*, 13 F.3d 1052 (7th Cir. 1994). First, Plaintiffs have not sufficiently alleged that they are authorized to sue on behalf of their son's estate. Furthermore, Plaintiffs' complaint fails to allege an injury in fact, establish a causal relationship between the injury and the challenged conduct, or show any likelihood that the injury will be redressed by a favorable decision for the plaintiffs. *Lee*, 330 F.3d at 468.

**A.      Plaintiffs Do Not Have Standing to Sue as Heirs of Anthony's Estate**

Plaintiffs complaint does not sufficiently allege that the Malones are the administrators of Anthony's estate. The law is well settled in Illinois that only an appointed executor or administrator of a decedent's estate has standing to sue, however, the legatees, heirs, and devisees lack such standing. *Wilmere v. Stibolt*, 152 Ill.App.3d 642, 645, 504 N.E.2d 916, 917 (1st Dist. 1987). A failure to allege that either of the plaintiffs is the named executor or administrator of the decedent's estate is fatal to plaintiffs' Second Amended Complaint. See also *Ramirez v. City of Chicago*, 82 F.Supp.2d 836, 842 (N.D. Ill. 1999). *Id.*

Plaintiffs Second Amended Complaint is devoid of any facts to support their conclusory allegation that they are the administrators of their son's estate. In fact, Plaintiffs are not the administrators of Anthony's estate as no estate has been opened on his behalf. (See Exhibit A attached to Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint). As such, this court is deprived of jurisdiction and the Second Amended Complaint must be dismissed entirely.

### B. Plaintiffs Do Not Have Standing to Sue Under IDEA

Plaintiffs do not have standing to sue on behalf of Anthony under IDEA as any claims that Anthony may have brought under IDEA prior to his death were his alone and not his parents. A litigant must have a personal interest in the case at its inception and maintain that interest throughout the litigation. *Barbara Z. v. Board of Education of District #156*, 937 F.Supp. 710, 716 (N.D. Ill. 1996), citing *United States Parole Commission v. Geraghty*, 445 U.S. 388, 396, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). Parents may not assert a cause of action in their own right for alleged violations of their child's right under IDEA because they are not the real parties in interest under the statutes. *Matthew M. v. William Penn School District*, 2002 WL 1286910, *3 (E.D. Pa. June 11, 2002). Although IDEA empowers parents with procedural rights, the statute does not also confer

on parents the same underlying substantive rights that their children possess. *Id.*

Anthony obtained the age of majority prior to his death. Section 226.690 (a) of the Illinois Administrative Code provides that the parental rights to a student with a disability transfer when the student with a disability reaches eighteen years of age. 23 Ill.Admin. Code 226.690 (a). Thus, any right to sue under IDEA that the parents possessed was transferred to Anthony when he reached the age of majority. Moreover, Plaintiffs cannot assert an independent cause of action for violations of their son's rights. IDEA provides no such right or relief. As a result, the plaintiffs do not have standing to bring this cause of action and their complaint must be dismissed.

### C.   Plaintiffs Do Not Have Standing Under 42 U.S.C. §1983

Plaintiffs cannot file suit under 42 U.S.C. §1983 ("Section 1983") because their complaint does not assert that their constitutional rights were violated. A plaintiff must assert his own rights, not the rights or interests of a third party. *Warth v. v. Sudin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975), *see also Rakas v. Illinois*, 439 U.S. 128 (1978), *and Daniels v. Southfort*, 6 F.3d 482 (7th Cir. 1993). Plaintiffs' claims aim to vindicate the rights of their deceased eighteen-year old son. There are no allegations that Plaintiffs own constitutional rights were violated by any of the Bloomington School District defendants. As such, the Second Amended Complaint must be dismissed.

### III.   PLAINTIFFS' SECOND AMENDED COMPLAINT MUST BE DISMISSED BECAUSE THE CASE IS MOOT.

Even assuming *arguendo* that Plaintiffs could establish standing, which the Bloomington School District Defendants maintain that they cannot, the case is moot because any IDEA claim, and consequently any Section 1983 claim predicated on IDEA, do not survive Anthony's graduation or death. The United States Constitution limits the court's jurisdiction to live cases and controversies.

*Stotts v. Comm. Unit Sch. Dist. No. 1*, 230 F.3d 989, 990 (7th Cir. 2000). This requirement extends throughout the pendency of an action, not just at the time a case is filed. *Board of Education of Downers Grove Grade School District No. 58 v. Steven L.*, 89 F.3d 464, 467 (7th Cir. 1996). The court is limited to deciding actual controversies by a judgment that can be executed and not providing opinions upon moot questions or abstract propositions. *Id.* A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1991). Absent a live controversy, a case must be dismissed as nonjusticable. *Steven L.*, 89 F.3d at 467.

Anthony and his parents are without an actual injury traceable to them that could be redressed by a favorable judicial opinion. *Id.*, citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 110 S.Ct. 1249, 108 L.Ed.2d 400. This case involves a dispute over Anthony's education. According to the Second Amended Complaint, Anthony graduated at the end of the 2002-2003 school year. (Second Amended Compl. ¶12(b)). Moreover, Anthony is now deceased. (Second Amended Compl. ¶3). Continued litigation over a perceived denial of a free appropriate education at a school Anthony no longer attends cannot provide meaningful relief to any party, thus, the claim is moot. *Board of Education of Oak Park v. Nathan R.*, 199 F.3d 377, 381 (7th Cir. 2001) (parents not entitled to relief since son graduated from high school); *Steven L.*, 89 F.3d at 467 (challenge to educational plan moot where student advanced to next grade level and agreed to educational plan at another school district). Therefore, since the case is moot, Plaintiffs are not entitled to the relief sought and their Second Amended Complaint must be dismissed.

### IV. PLAINTIFFS' SECOND AMENDED COMPLAINT MUST BE DISMISSED BECAUSE THE CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

Plaintiffs' Second Amended Complaint alleges various mistreatment of their son, Anthony

5

Malone, between 1999 through 2003. (Second Amended Complaint, Count I ¶12(a)-(p), Count II, ¶8-16, Count III, ¶9, Count IV, ¶10). Plaintiffs filed their Complaint on May 6, 2004. (Docket entry #6). As such, Plaintiffs claims are beyond the statute of limitation applicable to IDEA and Section 1983.

    A.    **Plaintiffs' IDEA Claims are Time Barred**

Under IDEA, a request for judicial review of an administrative decision regarding a student's educational program is governed by a 120 day statute of limitation. *Dell v. Board of Education of Township High School District 113*, 32 F.3d 1053 (7th Cir. 1994); *Board of Education of City of Chicago v. Wolinsky*, 842 F. Supp. 1080 (N.D. Ill. 1993). The time period begins to accrue on the day the hearing officer decision is sent to the parties by certified mail. *Benik v. Lisle Community Unit School District*, 1997 WL 566386, *7 (N.D. Ill. September 8, 1997)(rejecting the plaintiffs' Rule 6(e) argument to extend the time file IDEA action an additional three days and imposing a strict 120-day limitation period to claim filed on 121st day); *see also Dell*, 32 F.3d at 1060 ( recognized that the policy of IDEA is to promote prompt, rather than protracted, resolution of disputes and imposing a strict 120-day limitation period).

Hearing Officer Ladenson issued his order on January 5, 2004. (Second Amended Complaint ¶10(d)). The order was faxed and mailed to the Plaintiffs that same day. (Exhibit B). The Plaintiffs filed their complaint 122 days later, on May 6, 2004. (Docket Entry #6). Thus, since Plaintiffs failed to comply with the statute of limitations, their IDEA claims are time barred and must be dismissed.

    B.    **Plaintiffs' Section 1983 Claim is Time Barred**

To the extent that Plaintiffs purport to state a Section 1983 claim against the Bloomington

School District Defendants, any such claim which accrued before May 6, 2002 is time barred. Illinois has a two year statute of limitations for personal injury claims, 735 ILCS 5/13-202, and this period applies to a Section 1983 case. *Hileman v. Maze*, 367 F.3d 694 (7th Cir. 2004). Thus, because of the two year statute of limitations, any Section 1983 claim relating to any alleged unconstitutional action by the Bloomington School District Defendants prior to May 6, 2002 is untimely and should be dismissed. *Id.* Specifically, plaintiffs' allegations directed at defendants Nielson (Count II, ¶8); Francois (Count II, ¶9(i)-(ii)); Reilly (Count II, ¶10); Helmers (Count II, ¶11(i)-(ii)); Lundberg (Count II, ¶12); Steffen (Count II, ¶13); Moore (Count II, ¶14(i); Misukonis (Count II, ¶15); Engle (Count II, ¶16) in their individual capacities relate to alleged conduct which pre-dates May 6, 2002. These claims are therefore time-barred and should be dismissed.

## IV. PLAINTIFFS' ARE NOT ENTITLED TO RECOVER MONETARY DAMAGES UNDER IDEA OR 42 U.S.C. §1983.

Plaintiffs allege that the Bloomington School District Defendants violated IDEA regarding implementation of Anthony's individualized educational plan ("IEP") and seek only monetary relief, e.g., compensatory, punitive and emotional damages. (Second Amended Complaint Count I, ¶17(b); Count II, ¶23(b), (c); Count III, ¶10-16; Count IV, ¶18(b)-(c)-(d). Plaintiffs are not entitled to any such relief under IDEA or 42 U.S.C. §1983.

### A. Monetary Damages Are Not Available Under IDEA

Plaintiffs are requesting monetary damages, however, these are not available under IDEA. The remedies available for an IDEA violation are limited to those provided under the Act. *Charlie F v. Board of Education of Skokie School District*, 98 F.3d 989-991-92 (7th Cir. 1996) (monetary damages are not available relief under IDEA). As a result, plaintiffs are not entitled to recover any monetary damages under IDEA and any such claim for relief should be dismissed.

7

### B. Money Damages Are Not Available Under Section 1983 for Violations of IDEA

Section 1983 is cast in terms of "rights, privileges, or immunities" rather than in terms of all violations of federal law. *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 106, 110 S.Ct. 444, 107 L.Ed.2d 420 (1989). Thus, Section 1983 merely secures the federally protected rights a plaintiff already holds and does not expand those rights. *Crocker v. Tennessee Secondary School Athletic Association*, 980 F.2d 382, 387 (6th Cir. 1992). The Seventh Circuit has held that money damages are not the relief that is available under the IDEA. *Charlie F. v. Board of Education of Skokie School District 68*, 98 F.3d 989, 991 (7th Cir. 1996); *see also Maldonado v. Illinois State Board of Education*, 2003 WL 1713834 (N.D. Ill. March 28, 2003). This is because the structure of the statute, with its elaborate provision for educational services and payments to those who deliver them, is inconsistent withe monetary awards to children and parents. *Charlie F.*, 98 F.3d at 991. Thus, where a plaintiff has sought only money damages under Section 1983 for procedural violations of the IDEA, as in this case, the plaintiff has been denied relief. *Maldonado*, 2003 WL 1713834 at *8.

### C. Plaintiffs Are Not Entitled to Punitive Damages Against the School District

Plaintiff's request for punitive damages against the Bloomington School District is also improper and must be dismissed as the school district is absolutely immune from liability for punitive damages under Section 1983. *Herrara v. Hite-Carter*, 2003 WL 228677759 (N.D. Ill. December 2, 2003), citing *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.E.2d 616 (1981); *see also U.S. rel. Chandler v. Cook County, Illinois*, 277 F.3d 969 (7th Cir. 2002).

### V. PLAINTIFFS' SECOND AMENDED COMPLAINT FAILS TO STATE A

**§1983 *MONELL* POLICY CLAIM AGAINST THE BLOOMINGTON SCHOOL BOARD.**

Plaintiffs' Second Amended Complaint fails to state a claim against the Board of Education of the Bloomington Public Schools, District No. 87 (the "Board"). To establish a direct claim against a governmental entity, a plaintiff must allege a constitutional injury and that a governmental policy, custom or practice proximately caused the injury. *Monell v. Department of Social Services of New York City*, 436 U.S. 658 (1978); *Strauss v. City of Chicago*, 760 F.2d 765 (7th Cir. 1985); *Rivera v. Farrell*, 538 F.Supp. 291, 295 (N.D. Ill. 1982). Plaintiff's complaint consists of a conclusory allegation that the treatment of Anthony was "part of the School District's informal, yet well-established practice of how to manage a student with an IEP." (Second Amended Compl., Count IV, ¶11). This allegation, without more, is not sufficient to state a *Monell* policy claim against the Bloomington School District and its School Board.

See *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995) (boilerplate allegations of a municipal policy, entirely lacking in factual support to identify adequately the policy or custom are insufficient to state a §1983 *Monell* policy claim). See also *Looper Maintenance Service v. City of Indianapolis*, 197 F.3d 908, 913 (7th Cir. 1997) ("the absence of any facts at all to support plaintiff's claim renders the allegations mere legal conclusions of §1983 liability devoid of any well-pleaded facts"). As a result, plaintiffs' §1983 policy claim directed at the School Board in Count IV should be dismissed.

**VI. PLAINTIFFS' CLAIMS AGAINST THE INDIVIDUALLY NAMED BLOOMINGTON SCHOOL DISTRICT DEFENDANTS IN THEIR OFFICIAL CAPACITIES ARE REDUNDANT AND MUST BE DISMISSED**

In Counts III and IV, plaintiffs allege claims against defendants Robert Neilson, Rebecca

9

Francois, Barry Reilly, Cindy Helmers, Cindy Lundberg, Ann Marie Stephen, Timothy Moore, Joel Misukonis, Donna Engle, Sally Tucker, Janella Cooley, Diana McCauley, Randy Berg, Keith Davis, Janet Smith, Cheryl Jackson, and Kathy Havens-Pane in their official capacities. An official capacity suit represents an action against the government of which the officer is an agent. *Oden v. Chicago Board of Education*, 1995 WL 3988, *1 (N.D. Ill. 1995), citing *Yeksigian v. Nappi*, 900 F.2d 101, 104 (7th Cir. 1990). A section 1983 claim cannot be based on *respondeat superior* liability. *Oden 1995 WL 3988* at *3. As such, the Section 1983 claims against the above-referenced Bloomington School District defendants in their official capacities in Counts III and IV of the Second Amended Complaint is redundant and must be dismissed.

### VII.   CONCLUSION

Plaintiffs' Second Amended Complaint must be dismissed pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedures for the following: (1) plaintiffs do not have standing to sue on behalf of their decedent son because they are not the administrators of his estate; (2) plaintiffs cannot file suit under IDEA for claims that are solely their son's; (3) plaintiffs complaint does assert any of their own constitutional violations; (4) plaintiffs' IDEA claims, and consequently their Section 1983 claims, must also be dismissed because the case is moot due to Anthony's graduation and death; (5) plaintiffs' claims are barred by the statute of limitations; and (6) plaintiffs are not entitled to money damages under IDEA or 42 U.S.C. Section 1983; (7) plaintiffs have not sufficiently alleged a §1983 *Monell* policy claim against the Bloomington School Board; (8) plaintiffs' claims against the individual school defendants in their official capacity are redundant and should be dismissed.

WHEREFORE, the Defendants Robert Nielsen, Becky Francois, Barry Reilly, Cindy

Helmers, Cindy Lundberg, Ann Marie Steffen, Tim Moore, Joel Misukonis, Donna Engel, Sally Tucker, Janella Cooley, Diana McCauley, Randy Berg, Keith Davis, Janet Smith, Cheryl Jackson, and Kathy Havens-Payne, and the Board of Education of Bloomington Public Schools, District No. 87 respectfully request that this Court grant their Rule 12(b)(1) and (6) Motion to Dismiss Plaintiffs' Second Amended Complaint in its entirety with prejudice, and grant any and all such further relief as the Court deems equitable and just.

        Respectfully submitted,

        Bloomington School District Defendants

By:    /s/ Darcy L. Proctor
      Darcy L. Proctor
      One of their attorneys


Darcy L. Proctor
Stephanie A. Benway
ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & ROLEK, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
(312) 782-7606

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 7, 2004, I electronically filed the foregoing BLOOMINGTON SCHOOL DISTRICT DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Megan Guenther
MILLER, TRACY, BRAUN, FUNK & GUENTHER, LTD.
316 South Charter
P.O. Box 80
Monticello, Illinois 61856-0080
mguenther@millertracy.com

Stephanie L. Shallenberger, Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
sshallenberger@atg.state.il.us

and I hereby certify that on October 7, 2004, I mailed by United States Postal Service, the above-described document to the following non-registered participants:

Susan Frances
THOMSON & WEINTRAUB
105 North Center Street
P.O. Box 3577
Bloomington, Illinois 61702-3577

Robert W. Neirynck
John Casey Costigan
Carrie Borowski
COSTIGAN & WOLLRAB, P.C.
308 East Washington Street
P.O. Box 3127
Bloomington, Illinois 61702-3127

                              Respectfully submitted,

                              /s/ Darcy L. Proctor
                              Darcy L. Proctor, #6199731
                              Ancel, Glink, Diamond, Bush, DiCianni & Rolek, P.C.
                              140 South Dearborn, 6th Floor


Chicago, Illinois 60603
Telephone: (312) 782-7606
Facsimile: (312) 782-0943
dproctor@ancelglink.com