IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION



FILED
AUG 1 1 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY MALONE & BARBARA
SIMS-MALONE, both on behalf of
ANTHONY DELANCE MALONE,
Deceased,

    Plaintiffs,

    v.

Case No. 04-01137

Robert Nielson, Superintendent
et al.,

    Defendants

SUMMARY JUDGEMENT

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR RESPONSE TO BLOOMINGTON SCHOOL DISTRICT DEFENDANTS FOR "SUMMARY JUDGEMENT"**

Now come the Plaintiffs, Anthony Malone & Barbara Sims-Malone, both on behalf of Anthony DeLance Malone, deceased, by and through pro se and , in support of their Response to Bloomington School District Defendants' Summary Judgment, hereby submit their memorandum in law as follows.

Summary Judgments. A decision made on the basis of statements and evidence presented for the record without a trial. It is used when there is no dispute as to the facts of the case, and one party is entitled to judgment as a matter of law. A material fact is one which might affect the outcome of the case under governing law. Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986). To preclude summary, the dispute about a material fact must also be "genuine," such that a reasonable jury could find in favor of the non-moving party (Malones) party.

Conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment. See, e.g., Falls Riverway Realty, Inc. v. Niagara Falls, 754 F.2d 49 (2d Cir. 1985); Thornhill Publishing Co. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979).

In general, inadmissible hearsay evidence may not be considered on a motion for summary judgment, Blair Foods, Inc. v. Ranchers Cotton Oil, 610 Fl.2d 665, 667 (9th Cir. 1990).

Summary judgment is properly granted when the evidence in support of the moving party establishes that there is no issue of material fact to be tried (Code Civ. Proc., section 437c; Mann v. Cracchiolo (1985) 38 Cal.3d 18, 35.) The court is required to consider all the evidence set forth in the papers, except where objections are properly sustained, and all inferences reasonably deducible from such evidence. Any doubts as to the propriety of granting the motion must be resolved in favor of the party opposing the motion. (Asare v. Hartford Fire Ins. Co (1991) I Cal.App.4th 856,862.) If the court determines there is no triable issue of fact, the court will determine any remaining issues of law. (Pittleman v. Pearce (1992) 6 Cal.App.4th 1436, 1441.)

I. **PLAINTIFFS HAVE STANDING TO SUE UNDER IDEA AND 42 U.S.C. §1983**

Plaintiffs have standing to pursue the pending cause of action because the requirements of Article III are satisfied. Plaintiffs also have standing under Section 1983, IDEA, and the Illinois School Code as the parents of a child between the ages of 3 and 21 and as the administrators of their son's estate.

A. **Plaintiffs Have Standing to Sue Under Article III**

Standing as granted by Article III of the U.S. Constitution is invoked by the plaintiff establishing "(i) an injury in fact, which is an invasion of a legally protected interest that is concrete and particularized and, thus, actual . . .; (ii) a causal relationship between the injury and the challenged conduct . . .; and (iii) a likelihood that the injury will be redressed by a favorable decision." *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003), citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). Even though the party invoking federal jurisdiction has the burden of establishing these three elements, "at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice," because once the first element is satisfied, even a minor or non-economic injury will satisfy the second element and the third element does not need to be shown absolutely, as showing a "probabilistic benefit from winning a suit" is sufficient. *Family & Children's Center, Inc. v. School of Mishawaka*, 13 F.3d 1052, 1058 (7th Cir. 1994), citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) and *North Shore Gas Co. v. E.P.A.*, 930 F.2d 1239, 1242 (7th Cir. 1991).

The Plaintiffs have listed out the actual injuries incurred by their son, Anthony DeLance Malone, in their Complaint. The specifics of said violations are concrete and

particularized in the Plaintiffs' Complaint as listed in Sections II.A. and II.D. below. Sections II.A., II.D., and II.E. below reiterate the Complaint's statement of the casual relationship, that being the actions of the Defendants, including the individual defendants and educational agency defendants, directly causing the aforementioned injuries. Finally, the likelihood of redress does lie in the remedies listed in the Complaint. Even if the only remedy the Plaintiffs recover is the costs incurred for therapy for the student, they will have benefitted from the suit. The Plaintiffs' Complaint, filed *pro se* on May 3, 2004, satisfies the three elements of establishing standing under Article III.

B.     **Plaintiffs Have Standing to Sue Under IDEA and Section 1983**

Even if a party satisfies the Article III criteria, a federal court may preclude a litigant's standing based on prudential limitations. *Family & Children's Center, Inc. v. School of Mishawaka*, 13 F.3d 1052, 1059 (7th Cir. 1994). The U.S. Supreme Court explained that, in the cases where only Article III needs to be satisfied and the prudential limitations are barred, as long as the Article III elements are established, "persons to whom Congress has granted a right of action, either expressly or by clear implication, may have standing to seek relief on the basis of the legal rights and interests of others." *Id.* at 1060. The Seventh Circuit held, in *Family & Children's Center, Inc. v. School of Mishawaka*, that "Congress has implicitly granted standing under the IDEA to the limits of Article III . . . [and] a litigant under the IDEA must only satisfy the rather 'undemanding' requirements of Article III." *Barbara Z. V. Board of Education of District #156*, 937 F. Supp. 710, 718 (N.D. Ill. 1996), citing *Family & Children's Center, Inc. v. School of Mishawaka*, 13 F.3d 1052, 1058 (7th Cir. 1994). As stated in section I.A. above, the Plaintiffs have satisfied the requirements of Article III.

The Seventh Circuit also held that the minimal procedural requirements required

by IDEA "shall include, but shall not be limited to" the procedures provided in the federal statute. *Family & Children's Center, Inc. v. School of Mishawaka*, 13 F.3d 1052, 1060 (7th Cir. 1994). State statutes may create even more protections than those provided in the federal statute. The Illinois School Code defines "children with disabilities" and "children with specific learning disabilities" as "children between the ages of 3 and 21" years who meet certain requirements laid out under Illinois and federal law. 105 ILCS 5/14-1.02 and 5/14-1.03a. Further, the Illinois School Code provides that "the parents" may request a Level I due process hearing, that "[a]ny party" aggrieved by the Level I hearing officer's decision may appeal to a Level II review, and that "[a]ny party" aggrieved by the Level II hearing officer's decision may bring a civil action. 105 ILCS 5/14-8.02. In this matter, the student, Anthony DeLance Malone, was sixteen years old when the due process hearing, which Hearing Officer Ladenson eventually dismissed, was initiated. In his Opinion and Order of Dismissal, Hearing Officer Ladenson stated that the student achieved his age of majority on September 2, 2002 and "on April 5, 03 the Student submitted a letter affirming that he wanted the due process hearing to go forward." (See Exhibit A attached hereto.) Despite the student having attained the age of majority prior to Hearing Officer Ladenson issuing his order, Mr. and Mrs. Malone have standing under the IDEA and Illinois School Code to bring this civil action on the student's behalf.

    The Seventh Circuit recognizes that the Illinois Survival Act provides that actions to recover damages for injury to the person survive death and that although "[e]arly interpretations of the act held that only actions for physical damages, not emotional damages, survived death[,] [c]ourts now view that act as a remedial statute that is to be construed liberally to avoid abatement." *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002); *see also Owens v. Archer-Daniels-Midland Company*, 30 F. Supp. 2d 1082 (C.D. Ill. 1999). As the administrators

4

of their son's estate, Mr. and Mrs. Malone have the right to follow up on a cause of action to recover damages for an injury to the person of their son. 755 ILCS 5/9-1, 5/9-2, and 5/27-6. In addition, F.R.C.P. 17 provides that an administrator or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought. 28 U.S.C. 17. Despite the student having died prior to Hearing Officer Ladenson issuing his order, the parents of the student still have standing to bring the pending cause of action.

Unlike in *Matthew M. v. The William Penn School District*, Mr. and Mrs. Malone have only filed on behalf of their son and have not filed "individually and on their own behalf." *Matthew M. v. The William Penn School District*, 2002 WL 1286910 (E.D. Pa. June 11, 2002). The few stated allegations with regard to Mrs. Malone are withdrawn in the Plaintiffs' responsive pleading to the Defendants' motion to dismiss and Plaintiffs are not seeking redress for any injury to Mrs. Malone in the pending lawsuit. The Plaintiffs have filed a cause of action on their son's behalf and are seeking to vindicate the rights of their son.

Section 1983 creates a cause of action against persons who, acting under color of state law or federal statute, violate federal rights. In this case, the named Defendants violated the Illinois School Code and IDEA in their official capacity and as individuals. Based on the aforementioned arguments in this section, the Plaintiffs have standing to bring the pending cause of action under Section 1983 on behalf of their son, Anthony DeLance Malone, even though he was of majority age and deceased at the time of Hearing Officer Ladenson's order.

II. **PLAINTIFFS' CLAIM COMPLIES WITH F.R.C.P. 12(b)(6) AND 8(a) AND IS WITHIN STATUTES OF LIMITATIONS**

Plaintiffs filed their Complaint on May 3, 2004, *pro se*. On July 26, 2004, Plaintiffs retained an attorney and have since filed for leave to amend their complaint. Even without the Court's approval to file an Amended Complaint, the Plaintiffs' Complaint filed on

May 3, 2004, sets forth: 1) a set of facts upon which the Defendants can determine that the Court has jurisdiction, what the claim is, and what relief is sought; 2) a time frame clearly within the statutes of limitations; and 3) a Section 1983 Claim against the Defendants.

### A.     Plaintiffs' Complaint Complies with F.R.C.P. 12(b)(6) and 8(a)

The Plaintiffs' Complaint does provide a "set of facts in support of its claims that would entitle it to relief." *General Electric Capital Corp. v. Lease Resolution Corp.*, 182 F.3d 1074, 1080 (7th Cir. 1997). The Complaint filed on May 3, 2004, alleges that "1. Student was removed from regular education classroom without notification to parent . . . 2. School district failed to convene a multidisciplinary staffing with notification to parent to determine change in students [sic] Individualized Educational Plan . . . 3. During a three week period, student was denied cafeteria privileges . . . 6. Student was suspended in excess of the legal limit of 10 days . . . 9. Teachers refused to provide needed modifications and assistance to student . . . 10. Special Education department failed to provide legally required three-year evaluations for student." As required by the United States Supreme Court and by the Seventh Circuit Court, the Plaintiffs' Complaint provides enough allegations to give the Defendants fair notice of what the claim is. *King v. U.S. Dept. Of Housing & Urban Development*, 1998 WL 64262 (N.D. Ill. 1988), citing *Conly v. Gibson*, 355 U.S. 41 (1957). Unlike in *King v. U.S. Dept. Of Housing & Urban Development*, in which the plaintiffs alluded to legal conclusions and did not set forth a set of facts, Mr. and Mrs. Malone have set forth factual grounds for their belief that a cause of action has given rise to their ability to pursue a remedy in federal court. The facts might lack detail, but they are clearly asserted nonetheless.

The Seventh Circuit Court recently stated that a Rule 12(b)(6) motion to dismiss "is to be granted only if 'it appears beyond doubt that the plaintiff can prove no set of facts in

6

support of his claim which would entitle him to relief.'" *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Plaintiffs' Complaint, as filed on May 3, 2004, *pro se*, is written such that the Defendants can determine, as required by F.R.C.P. 12(b)(b) and 8(a), the Court's jurisdiction, that being violations of Section 1983 and IDEA, the claim asserted, that being the minimum facts mentioned above, and the relief sought, that being listed under "Relief Requested" on the last three pages of the Complaint.

### B. Plaintiffs' Section 1983 Claims Fall Within Statute of Limitations

It is clear that in Illinois a two year statute of limitation period applies to a Section 1983 claim. The Plaintiffs' allegations fall within the statute of limitations. The United States Supreme Court determined that the statute of limitations period under Section 1983 begins to run on the date that the plaintiffs receive notice of the alleged discriminatory act. *Delaware State College v. Ricks*, 449 U.S. 250 (1980). In this case, the Plaintiffs received notice of the alleged discriminatory act on January 5, 2004, when Hearing Officer Ladenson dismissed the pending Due Process Hearing. The pending Due Process Hearing was based on the school district's failure to abide by the Order from the First Due Process Hearing. The Northern District of Illinois held that, although IDEA did not provide a cause of action where the school failed to implement the administrative hearing officer's Order, Section 1983 did provide a cause of action. *Reid v. Lincolnshire-Prairie View School District 103*, 765 F. Supp. 965 (N.D. Ill. 1991); *also see Jeremy H. v. Mt. Lebanon School District*, 95 F.3d 272 (3d Cir. 1996), *Robinson v. Pinderhughes*, 810 F.2d 1270 (4th Cir. 1987), *Manecke v. School Board of Pinellas County, Florida*, 762 F.2d 912 (11th Cir. 1985). Once the Plaintiffs were denied the ability to finish the Due Process Hearing as ordered in Hearing Officer Landenson's Opinion and Order of Dismissal (see Exhibit A attached hereto), a Section 1983 cause of action arose. This cause of action

involves the events addressed in the Due Process Hearing. Therefore, the events addressed by the Due Process Hearing, including those events occurring prior to May 3, 2002, fall within the statute of limitations. Hearing Officer Landenson's Opinion and Order of Dismissal occurred on January 5, 2004, and the Plaintiffs' Complaint was filed on May 3, 2004. The Plaintiffs are well within the two year statute of limitations.

### C.    Plaintiffs' IDEA Claims Fall Within Statute of Limitations

Under IDEA, a request for judicial review of an administrative decision regarding a student's educational program is governed by a 120 day statute of limitations. *Dell v. Board of Education of Township High School District 113*, 32 F.3d 1053 (7th Cir. 1994). Hearing Officer Ladenson sent his Opinion and Order of Dismissal (see Exhibit A attached hereto) by fax transmission, certified, and regular U.S. mail on January 5, 2004. Plaintiffs filed their Complaint (see Exhibit B attached hereto) on May 3, 2004. Hence, Plaintiffs' Complaint was filed 119 days after Hearing Officer Ladenson's decision was sent to the parties. Therefore, Plaintiffs' cause of action falls within the 120 day statute of limitations.

### D.    Plaintiffs' Complaint States a Section 1983 *Monell* Claim Against the Board

Plaintiff's Complaint alleges facts from the dismissed Due Process Hearing as well as other individual facts. The facts involved in the Plaintiffs' Complaint allege that the individual Defendants violated IDEA. The Board had notice of said violations through the Due Process Hearing and failed to implement the Hearing Officer's Order. This Court has held that "it is when execution of a government's policy or custom . . . by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §1983." *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985), citing *Monell v. Department of Social Services of New York City*, 436 U.S. 658, 694 (1978). The

actions alleged were not only the actions of the individuals named, but also the responsibility of the Board. The Board's own policies and customary procedures with regard to implementing and following a Due Process Hearing Officer's Order were not followed. The Plaintiffs' Complaint names the Board as a Defendant because this failure proximately caused the alleged injuries.

Just as in this case, the Court in *Strauss* used the standard set out in *Conley* to determine whether or not to dismiss the case due to the Plaintiff's Complaint failing to suggest any facts that the policies complained of existed. *Id.*, citing *Conley v. Gibson*, 355 U.S. 41 (1957). Mr. and Mrs. Malone reference the following known policies in their Complaint: "6. Student was suspended in excess of the legal limit of 10 days . . . 8. Parent was denied the right granted to other parents to call in sick excuses for student . . . 10. Special Education department failed to provide legally required three-year evaluations for student . . . 13. Student was unfairly and inappropriately required to make-up an excessive amount of work missed because of illegal removal from regular class by school counselor and administrator." Although not formally referenced in the Complaint, the Board's policies and customs are clearly intimated. The allegations, although not detailed, do set forth a claim against the Board of Education of the Bloomington Public Schools, District No. 87.

E.  **Plaintiffs' Complaint States a Section 1983 Claim Against the Individual Defendants**

Plaintiffs' Complaint sets forth specific facts, as stated above in section II.A. Although specific names are not associated with the listed facts, the Plaintiffs did list the individual Defendants by their job title as follows: "4. Student was threatened by assistant principal . . . 5. Student was told by assistant principal . . . 8. . . . Attendant clerk under the order of her supervisor . . . 9. Teachers refused to provide needed modifications and assistance to student. . . . 11. . . . teachers . . . 12. Teachers . . . 13. . . . illegal removal from regular class by

9

school counselor and administrator. . . . 14. Student was subjected to physical and verbal abuse by hall monitor. . . . 15. Counselor . . . 16. . . . the counselor . . . ." The Plaintiffs listed individual Defendants to show their intent to hold these persons individually responsible in this cause of action.

This cause of action is based on Section 1983 and IDEA, as stated in the Plaintiffs' Complaint. Unlike *Gramenos v. Jewel Companies*, in which there was a violation of state law, Mr. and Mrs. Malone's Complaint alleges violations of a federal statute, the Individuals with Disabilities Education Act, and have stated in their Complaint the facts that account for the violations. *Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432 (7th Cir. 1986). Again, the details of each fact may be vague, but the facts of the conduct involved are clearly stated.

### III.  CONCLUSION

Plaintiffs have standing to pursue the pending cause of action because they satisfy the elements required under Article III. Plaintiffs have standing under Section 1983, IDEA, and the Illinois School Code as the parents of a child between the ages of 3 and 21 and as the administrators of their son's estate.

The Defendants have fair notice of jurisdiction, what the claim is, and what relief is sought. A cause of action has been presented that puts forth a claim against the individual and organizational Defendants under IDEA and Section 1983. The Complaint was filed within the applicable statutes of limitations. Although filed by *pro se* Plaintiffs and requiring some extra effort to discern, the Complaint is valid and the Defendants' Motion to Dismiss should be denied.

WHEREFORE, the Plaintiffs, Anthony Malone & Barbara Sims-Malone, both on behalf of Anthony DeLance Malone, deceased, respectfully request that this Honorable Court find that a reasonable jury could find in favor of the non-moving party because the non moving party has presented material fact that is "genuine" and sufficient to defeat summary judgment. The non-moving party has in fact established an injury in fact, which is an invasion of a legally protected interest that is concrete and particularized and is thus, actual ,,,; (ii) a causal relationship between the injury and the challenged conduct…; and (iii) a likelihood that the injury will be redressed by a favorable decision." *Lee v City of Chicago*, 330 F. 3d 456, 468 (7th Cir. 2003), citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992)  See exhibits D & E. Any doubts as to the propriety of granting the motion must be resolved in favor of the party opposing the motion. (Asare v. Hartford Fire Ins. Co (1991) I Cal.App.4th 856,862.). Thus, the Plaintiffs pray that the .Honorable Court will grant such further relief as this Honorable Court deems in equity to be proper and just.

Date August 10, 2005

Respectfully submitted,

*/s/ Anthony Malone/*
*Barbara L. Sims-Malone*

Anthony Malone and Barbara Sims-Malone
Plaintiffs,

309-828-8650  Home
309-828-4602  Parents *
Rev. James + Carine Sims *

Prepared by:
Tallulah Shinault
Legal Consultant
1702 Erin Drive
Normal, Illinois 61761
(309) 452-2368

EMAIL:tyshina@ilstu.edu