E-FILED
Monday, 15 August, 2005 11:37:28 AM
Clerk, U.S. District Court, ILCD

RECEIVED
AUG 1 2 2005
U.S. CLERK'S OFFICE
PEORIA, ILLINOIS

04-1137

To: Bloomington School District
300 East Monroe Street
Bloomington, IL 61701

From: Anthony D. Malone
408 East Douglas Street
Bloomington, IL 61701

April 5, 2003

Dear Becky Fransico:

    To the school district and all involved, I Anthony Delance Malone do understand that at the age of 18 that I have the right now to make decisions in what concerns my IEP and due process status.

    I do want the due process to continue that was started by my parents Anthony and Barbara Malone, to settle all matters at hand. When we, I and my parents started this due process we agreed to do this together for me. My parents have always had my best interest at heart and have always made sure I was treated fairly. They have always done what was best for me. They are still willing to stand by me now. So yes, the due process will go forward.

Sincerely,

Anthony D. Malone
*Anthony Malone*

c.c. Bloomington School Board
    Robert E. Ladenson
    Megan Guenther

*[Notary seal: Karen R. Smith, Notary Public, State of Illinois, My Commission Expires on 04/16/2006]*

EXHIBIT A

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
COUNTY OF MCLEAN

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF | ) |
| | ) No.    04 P 265 |
| ANTHONY DELANCE MALONE, | ) Docket |
| Deceased. | ) Page |
| | ) |

RECEIVED
AUG 1 2 2005
U.S. CLERK'S OFFICE
PEORIA, ILLINOIS

## AMENDED PETITION FOR LETTERS OF ADMINISTRATION

**BARBARA SIMS-MALONE and ANTHONY MALONE**, state under the penalties of perjury:

1. **ANTHONY DELANCE MALONE**, whose place of residence at the time of death was 601 Normal Avenue, Normal, Illinois, died August 29, 2003, at Normal, Illinois, leaving no will.

2. The approximate value of the estate in this state is:

   Personal  $800.00

3. The names and post-office addresses of decedent's heirs are set forth on Exhibit A and made a part of this petition.

4. The names and post-office addresses of persons who are entitled to nominate an administrator in preference to or equally with petitioner are set forth on Exhibit A made a part of this petition. If none, so state: <u>None</u>.

5. Petitioners are the parents of decedent and is legally qualified to act, or to nominate a resident of Illinois to act, as administrator.

Petitioners ask that Letters of Administration issue to the following, qualified and willing to act:

Barbara Sims-Malone, 408 E. Douglas, Bloomington, IL 61701

Anthony Malone, 408 E. Douglas, Bloomington, IL 61701

_Barbara Sims-Malone_                    _Anthony Malone_
BARBARA SIMS-MALONE                      ANTHONY MALONE

Prepared by:
Susan Frances
Thomson & Weintraub
Attorneys for Petitioner
105 North Center Street
Bloomington, Illinois 61701
Telephone: (309) 829-7069
Atty No. 6277486

OFFICIAL SEAL
Dianna L. Hunter
Notary Public, State of Illinois
My Commission Expires on 07/10/2005

Address _____
         _____
         _____

Attorney Certification

Exhibit E(2)

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
COUNTY OF MCLEAN

IN THE MATTER OF THE ESTATE OF )
) No.      04 P 265
ANTHONY DELANCE MALONE, ) Docket
Deceased. ) Page
)

RECEIVED
AUG 1 2 2005
U.S. CLERK'S OFFICE
PEORIA, ILLINOIS

## AMENDED AFFIDAVIT OF HEIRSHIP

STATE OF ILLINOIS )
) SS
COUNTY OF MC LEAN )

**BARBARA SIMS-MALONE**, being first duly sworn on oath deposes and says:

1. That she is an adult above the age of eighteen (18) years and presently residing at 408 E. Douglas, Bloomington, in McLean County.

2. That she is the mother of **ANTHONY DELANCE MALONE**, Deceased, and has knowledge of the facts herein stated.

3. That the said **ANTHONY DELANCE MALONE** at the time of his death on August 29, 2003, left surviving him as his only heirs at law the following persons; the places of residence and relationship of each said persons to the decedent being set opposite their respective names:

| NAME | ADDRESS | RELATIONSHIP |
|---|---|---|
| Anthony Malone | 408 E. Douglas St., Bloomington, IL | Father |
| Barbara Sims-Malone | 408 E. Douglas St., Bloomington, IL | Mother |
| Keith Sims | 408 E. Douglas St., Bloomington, IL | Brother |
| Colleen Sims | 408 E. Douglas St., Bloomington, IL | Sister |
| Lychan Sims | 606 E. Walnut St., Bloomington, IL | Sister |
| DeBracey Malone | 408 E. Douglas St., Bloomington, IL | Brother |

4. The decedent was never married and no children were born to or adopted by the decedent.

_Barbara Sims-Malone_
BARBARA SIMS-MALONE

Signed and sworn to before me this
5 day of January 2005.

_[signature]_
Notary Public

OFFICIAL SEAL
Dianna L. Hunter
Notary Public, State of Illinois
My Commission Expires on 07/10/2005

Prepared by:
Susan Frances
Thomson & Weintraub
105 North Center Street
Bloomington, Illinois 61702-3577
Telephone: (309) 829-7069

Exhibit E-3

# Explanation of Procedural Safeguards
## Available to Parents of Students with Disabilities

RECEIVED
AUG 1 2 2005
U.S. CLERK'S OFFICE
PEORIA, ILLINOIS

This statement of parent rights was developed by the United States Department of Education, Office of Special Education Programs, and modified by the Illinois State Board of Education (ISBE) to comply with Illinois rules.

As the parent of a student who is receiving or may be eligible to receive special education and related services, you have rights which are safeguarded by state and federal law. The rights to which you are entitled are listed below. A full explanation of these rights is available from your child's school district. Please review this document carefully and contact the district if you have questions or need additional clarification regarding your child's services or the procedural safeguards available to you.

This statement must be provided to you, at a minimum, upon initial referral for evaluation, upon each notification of an IEP meeting, upon reevaluation of your child, and upon registration of a complaint.

**Prior Notice to Parents**

The local district is required to provide the parent of a student with a disability with prior written notice:

1. When the district proposes to initiate or change the identification, evaluation, or educational placement of a student or the provision of a free, appropriate public education to a student; or

2. When the district refuses to initiate or change the identification, evaluation, or educational placement of a student or the provision of a free, appropriate public education to a student.

The written notice must be provided at least 10 days prior to the proposed or refused action and must include:

1. A description of the action proposed or refused by the district, an explanation of why the district proposes or refuses to take the action, and a description of any other options the district considered and the reasons why those options were rejected;

2. A description of each evaluation procedure, test, record, or report the district used as a basis for the proposed or refused action;

3. A description of any other factors which are relevant to the district's proposal or refusal;

4. A statement that the parent of a student with a disability has due process rights and, if the notice is not an initial referral for evaluation, the means by which a copy of the description of procedural safeguards can be obtained; and

5. Sources for the parent to contact to obtain assistance in understanding his/her due process rights.

The notice must be written in language understandable to the general public and provided in the native language or other mode of communication used by the parent, unless it is clearly not feasible to do so. If the native language or other mode of communication of the parent is not a written language, the ISBE or local district shall take steps to ensure that the notice is translated orally or by other means to the parent in his/her native language or other mode of communication, that the parent understands the content of the notice, and that there is written evidence that these requirements have been met.

**Parent Consent**

The local district must obtain parent consent using state-mandated forms before conducting an initial case study evaluation, any reevaluations, and prior to the initial placement of a student with a disability in special education.

If a parent refuses consent for evaluation or initial placement in special education, the district may continue to pursue having an evaluation conducted using mediation and due process hearing procedures. If the hearing officer upholds the district, the district may evaluate or initially provide special education and related services to the student without parent consent, subject to the parent's right to appeal the decision and to have the student remain in his/her present educational placement pending the outcome of any administrative or judicial proceeding.

Except for the initial evaluation and initial placement, consent may not be required as a condition of any benefit to the parent or the student. Parent consent for reevaluation need not be obtained if the local district can demonstrate that it has taken reasonable measures to obtain such consent and the student's parent has failed to respond.

**Independent Education Evaluation**

The parent of a student with a disability has the right to obtain an independent educational evaluation of the student.

A parent has the right to an independent educational evaluation at public expense if the parent disagrees with an evaluation obtained by the local district. However, the district may initiate a due process hearing to demonstrate that its evaluation is appropriate. If the final decision is that the evaluation is appropriate, the parent still has the right to an independent educational evaluation, but not at public expense. If the parent obtains an independent educational evaluation at private expense, the results of the evaluation must be considered by the district in any decision made with respect to the provision of a free, appropriate public education to the student and may be presented as evidence at a due process hearing regarding the student.

EXHIBIT G

If a hearing officer requests an independent educational evaluation as part of a hearing, the cost of the evaluation must be at public expense.

A district must provide to a parent, upon request, information about where an independent educational evaluation may be obtained.

Whenever an independent evaluation is at public expense, the criteria under which the evaluation is obtained, including the location of the evaluation and the qualifications of the examiner, must be the same as the criteria which the district uses when it initiates an evaluation.

**Unilateral Placement by Parents of Students in Private Schools**

A local district is not required to pay for the cost of education, including special education and related services, of a student with a disability at a private school or facility if the district made a free, appropriate public education available to the student and the parents instead elected to place the student in the private school or facility.

If the parent of a student with a disability who previously received special education and related services enrolls the student in a private elementary or secondary school without consent or referral by the local district, a court or hearing officer may require the district to reimburse the parent for the cost of that enrollment if it is found that the district did not make a free, appropriate public education available to the student in a timely manner prior to that enrollment.

The cost of reimbursement may be reduced or denied:
1. If at the most recent IEP meeting that the parent attended prior to the removal of the student from the public school, the parent did not inform the IEP Team that he/she was rejecting the placement proposed by the district to provide a free, appropriate public education to the student including stating his/her concerns and intent to enroll the student in a private school at public expense;
2. If 10 business days (including any holidays that occur on a business day) prior to the removal of the student from the public school, the parent did not give notice to the district of the information mentioned above;
3. If prior to the parent's removal of the student from the public school, the school district informed the parent of its intent to evaluate the student but the parent did not make the student available for such evaluation; or
4. Upon a judicial finding of unreasonableness with respect to actions taken by the parent.

The cost of reimbursement may not be reduced or denied for failure to provide such notice if:
1. The parent is illiterate and cannot write in English;
2. Compliance with the notice requirements would likely result in physical or serious emotional harm to the student;

3. The school prevented the parents from providing such notice; or
4. The parent was not made aware of the notice requirement mentioned above.

**Placement in an Alternative Educational Setting**

*Authority of School Personnel* — *grossly violated*

School personnel may take disciplinary action by changing the placement of a student with a disability:

1. To an appropriate interim alternative educational setting, another educational setting, or suspension for not more than 10 school days (to the extent such alternatives would be applied to students without disabilities); and

2. If the student carries a weapon to school or to a school function, or the student knowingly possesses or uses illegal drugs or sells or solicits the sale of a controlled substance while at school or at a school function, to an appropriate interim alternative educational setting for the same amount of time that a student without a disability would be subject to discipline, but for not more than 45 days.

Either before or not later than 10 days after a disciplinary action requiring change-of-placement for more than 10 days:

1. The IEP Team shall review any behavioral intervention plan previously developed for the student and modify it, as necessary, to address the behavior; or

2. An IEP meeting shall be convened to develop an assessment plan to address that behavior if a functional behavioral assessment has not been conducted and a behavioral intervention plan has not been implemented for the student.

*Authority of Hearing Officer* — *Did Not do her job*

A hearing officer may order a change in placement of a student with a disability to an appropriate interim alternative educational setting for not more than 45 days if he/she

1. Determines that the local district has demonstrated by substantial evidence (i.e., beyond a preponderance) that maintaining the student's current placement is substantially likely to result in injury to the student or to others;

2. Considers the appropriateness of the student's current placement;

3. Considers whether the local district has made reasonable efforts, including the use of supplementary aids and services, to minimize the risk of harm in the student's current placement; and

4. Determines that the interim alternative educational setting:

- Enables the student to continue to participate, though in another setting, in the general curriculum and to continue to receive those services and modifications, including those described in the student's current IEP, that will enable the student to meet the goals set out in that IEP; and
- Includes services and modifications designed to address the behavior which resulted in the disciplinary action so that it does not occur again.

*Manifestation Determination Review (MDR)*

If disciplinary action described above is contemplated by school personnel or a hearing officer, or if disciplinary action involving a change of placement for more than 10 days is contemplated for a student with a disability who has engaged in behavior that violated any local district rule or code of conduct that applies to all students, then:

1. The parents must be notified of that decision and all pertinent procedural safeguards not later than the date on which the decision to take that action is made; and

2. Immediately, if possible, but in no case later than 10 school days after the date on which the decision is made, a review must be conducted of the relationship between the student's disability and the behavior which resulted in disciplinary action.

The review of the relationship between the student's disability and behavior is to be conducted by the IEP Team and other qualified personnel. To determine that the student's behavior was not related to his/her disability, the IEP Team must:

1. First consider all information that may be relevant to the behavior that resulted in the disciplinary action, including:

    - Evaluation and diagnostic results, to include relevant information supplied by the student's parent;
    - Observations of the student;
    - The student's IEP and placement; and

2. Determine that:

    - With regard to the behavior that resulted in the disciplinary action, the student's IEP and placement were appropriate and the special education services, supplementary aids and services, and behavior intervention strategies were provided in a manner consistent with the student's IEP and placement; and
    - The student's disability did not impair his/her ability to control, and to understand the impact and consequences of the behavior that resulted in the disciplinary action.

*Determination That Behavior Was Not a Manifestation of Disability*

If it is determined that the behavior of the student was not related to his/her disability, pertinent disciplinary procedures may be applied in the same manner they would be for students without disabilities--except that students with disabilities must continue to receive a free, appropriate public education if suspended for more than 10 days or expelled from school.

If the local district initiates pertinent disciplinary procedures that apply to all students, the district must ensure that special education and disciplinary records of the student with a disability whose behavior resulted in the disciplinary action are transmitted for consideration by the person(s) making the final determination about the action.

*Parent Appeal*

If the student's parent disagrees with a determination that the student's behavior was not related to his/her disability or with any decision regarding placement, the parent may request a due process hearing. The local district or ISBE must arrange for an expedited hearing when requested by a parent.

For a hearing regarding **relatedness of behavior to disability**, the hearing officer must determine whether the local district has demonstrated according to requirements specified in law that the student's behavior was not related to his/her disability.

For a hearing regarding **a decision to place a student in an interim alternative educational setting**, the hearing officer must apply the standards specified in law to order a change in placement of a student to such a setting.

*Placement During Appeal*

When a parent requests a due process hearing to challenge relatedness of behavior to disability determination or a placement decision, the student will remain in the interim alternative educational setting pending the decision of the hearing officer or for not more than 45 days, whichever occurs first--unless the parent and the ISBE or local district agree otherwise.

If, while a student is placed in an interim alternative educational setting, school personnel propose to change the student's

current placement (i.e., the placement prior to the interim alternative placement) after the time period for the interim alternative placement expires, the student will remain in the current placement during any pending proceeding to challenge the proposed change.

However, if school personnel maintain that it is dangerous for the student to be in the current placement defined above during pending due process proceedings, the local district may request an expedited hearing. To determine whether the student may be placed (other than on an interim basis) in the alternative educational setting or in another appropriate educational placement ordered by the hearing officer, the hearing officer must apply the standards specified in law.

### Protections for Students Not Yet Eligible for Special Education and Related Services

If, prior to a student engaging in behavior that violated any local district rule or code of conduct and resulted in disciplinary action, the local district had knowledge that the student was a student with a disability who has not been determined eligible to receive special education and related services, the student may claim protections afforded students who have been determined eligible.

A local district has knowledge that a student is a student with a disability if:

1. The student's parent has expressed concern in writing (unless the parent is illiterate or otherwise unable to comply) to appropriate school personnel that the student is in need of special education and related services;

2. The student's behavior or performance demonstrates the need for such services;

3. The student's parent has requested a case study evaluation of the student; or

4. The student's teacher or other school personnel has expressed concern about the student's behavior or performance to the designated director of special education or other local district personnel.

If, prior to taking disciplinary action against a student, the local district had no knowledge that the student was a student with a disability, the student may be subjected to the same disciplinary procedures as those applied to students without disabilities who engaged in comparable behaviors.

A case study evaluation requested during the time period in which the student is subjected to disciplinary procedures must be conducted in an expedited manner. However, the student must remain in the educational placement determined by school authorities pending results of the case study evaluation. If the student is determined to be a student with a disability based on the case study evaluation, the local district must provide appropriate special education and related services.

### Referral to and Action by Law Enforcement and Judicial Authorities

Local districts or other agencies are not prohibited from reporting a crime committed by a student with a disability to appropriate authorities. In addition, state law enforcement and judicial authorities are not prevented from exercising their responsibilities regarding the application of federal and state law to crimes committed by a student with a disability.

Local districts or other agencies reporting a crime committed by a student with a disability must ensure that copies of the special education and disciplinary records of the student are transmitted for consideration to the appropriate authorities.

## Complaint Resolution and Mediation

1. Complaints with respect to any matter relating to the identification, evaluation, or educational placement of a student or the provision of a free, appropriate public education to a student should be referred to the local district.

2. Such complaints may also be referred in writing to the Division of Program Compliance, ISBE, for review, investigation and action within 60 days.

   The parent or attorney representing the student must include the following information in a written complaint:

   a. Name and address of the student;
   b. Name of school attended; and
   c. Description of the nature of the problem.

3. Mediation is a voluntary alternative to a due process hearing that provides a means of resolving disagreements regarding the appropriateness of special education and related services. This service is administered and supervised by ISBE and is provided upon request at no cost to the parties. Parents and/or districts who wish to request a mediation or to know more about the ISBE complaint resolution system may contact the Division of Program Compliance at 217/782-5589.

4. Requests regarding rule interpretations or parent/student rights clarifications may be referred to the local district.

### Requesting a Due Process Hearing

A parent or local district may initiate a due process hearing regarding the district's proposal or refusal to initiate or change the identification, evaluation, or educational placement of a student or the provision of a free, appropriate public education. A request for a due process hearing cannot be denied for any reason.

A parent request for a hearing must be made in writing to the superintendent of the district in which the student resides.

The parent or attorney representing the student must include the following information in a request for due process hearing:

1. Name and address of the student;

2. Name of school attended;

3. Description of the nature of the problem of the student relating to such proposed initiation or change, including facts relating to the problem; and

4. A proposed resolution of the problem to the extent known and available to the parent at the time.

A model form for requesting a due process hearing shall be made available to the parent upon request.

If the attorney representing the parent did not provide the school district with the appropriate information when filing the written request for due process, the court shall reduce, accordingly, the amount of attorneys' fees awarded.

Within 5 school days of receipt of the request for a hearing, the district will contact ISBE by certified mail to request the appointment of an impartial due process hearing officer.

### Appointment of an Impartial Due Process Hearing Officer

No person who is an employee of the local district involved in the education or care of a student whose services are the subject of a dispute may conduct the hearing. Prior to appointing the due process hearing officer, the ISBE must review the background of the prospective appointee in order to establish that:

1. The individual has never been employed by or administratively connected with the local district or special education joint agreement involved in the case;

2. The individual is not a resident of the district involved; and

3. The prospective appointee has no personal or professional interest that would conflict with his or her objectivity in the hearing.

A party to a due process hearing will be permitted one substitution of a hearing officer as a matter of right. A request for a substitute hearing officer must be made in writing to ISBE within 5 days after receipt of notification of the hearing officer's appointment. In the event that both parties submit written requests on the same day and these are received simultaneously, ISBE will consider the substitution to have been at the request of the party initially requesting the hearing. The right of the other party to a substitution will be absolutely protected.

When the appointed hearing officer is unavailable or removes him/herself before the parties are notified of his/her appointment, ISBE will appoint the next scheduled hearing officer under the rotation system.

When a hearing officer removes him/herself from the case after learning its circumstances, or when a party to the hearing submits a proper request for substitution, ISBE will within 5 days select and appoint another hearing officer at random.

### Pre-hearing Conference

Within 5 days after receiving written notification by ISBE, the appointed hearing officer must contact the parties to determine a time and place reasonably convenient to convene the hearing and pre-hearing conference. The pre-hearing conference must be convened no later than 14 days before the date of the scheduled due process hearing.

Any party to the pre-hearing conference must be permitted to participate by teleconference. At the conclusion of the pre-hearing conference, the hearing officer must prepare a report of the conference and enter it into the hearing record. The report must include, but need not be limited to:

1. The issues, the order of presentation, and any scheduling accommodations that have been made for the parties or witnesses;

2. A determination of the relevance and materiality of documents or witnesses, if raised by a party or the hearing officer; and

3. Such stipulations of fact as have been agreed to during the pre-hearing conference.

### Due Process Rights prior to the Hearing

Any party to a hearing has the right to:

1. Be accompanied and advised by counsel and by individuals with special knowledge with respect to the problems of students with disabilities;

2. Inspect and review all school records pertaining to the student and obtain copies of any such records;

3. Have access to the district's list of independent evaluators and obtain an independent evaluation of the student at their own expense;

4. Be advised at least 5 days prior to the hearing of any evidence to be introduced;

5. Compel the attendance of any local school district employee at the hearing, or any other person who may have information relevant to the needs, abilities, proposed program, or the status of the student;

6. Request that an interpreter be available during the hearing;

7. Maintain the placement and eligibility status of the student until the completion of all administrative and judicial proceedings; and

8. Request an expedited hearing to change the placement of a student who the district believes to be of danger to him/herself or others. A parent may also request an expedited hearing if he/she disagrees with the district's manifestation determination or the district's removal of the student to an interim alternative educational setting

### Rights of the Parties During the Hearing

Any party to the hearing has the right to:

1. Have a fair, impartial, and orderly hearing;

2. Have the opportunity to present evidence, testimony, and arguments necessary to support and/or clarify the issue in dispute;

3. Close the hearing to the public if requested by the parent;

4. Have the student who is the subject of the hearing present at the hearing if requested by the parent;

5. Confront and cross-examine witnesses; and

6. Prohibit the introduction of evidence not disclosed at least 5 days prior to the hearing.

### The Hearing

ISBE must ensure that a final hearing decision is reached and mailed to the parties within 45 days after receipt of a request for a hearing, unless the hearing officer grants a specific time extension at the request of either party. Within 10 days after the conclusion of the hearing, the hearing officer must issue a written decision which sets forth the issues in dispute, findings of fact based upon the evidence and testimony presented, and the hearing officer's conclusions of law and orders. The hearing officer must determine whether the evidence establishes that the student has needs which require special education services and, if so, whether such services and placement being proposed or provided by the district are appropriate given the student's identified needs.

### Request for Clarification

After a decision is issued, the hearing officer will retain jurisdiction for the sole purpose of considering a request for clarification of the final decision. A request for clarification of the final decision must be submitted in writing by a party to the impartial hearing officer within 5 days after receipt of the decision. The request for clarification must specify the portions of the decision for which clarification is sought and a copy must be mailed to all parties involved in the hearing and to ISBE. The hearing officer must issue a clarification of the specified portion of the decision or issue a partial or full denial of the request in writing within 10 days of receipt of the request.

### Appealing the Decision

Any party to the impartial due process hearing aggrieved by the final written decision has the right to initiate a civil action with respect to the issues presented in the hearing. Civil action can be brought in any court of competent jurisdiction within 120 days after a copy of the decision is mailed to the parties.

### Stay of Placement and Expedited Hearings

During a pending due process hearing or any judicial proceeding, the student must remain in his/her present educational placement. The student's present eligibility status and special education and related services must be continued. However, if school personnel maintain that it is dangerous for the student to be in the current placement during pending due process proceedings, the local district may request an expedited hearing. The hearing officer has the authority to determine if, by remaining in the current placement, the student is substantially likely to injure him/herself or others.

### Award of Attorneys' Fees

In any action or proceeding brought under Part B of the Individuals with Disabilities Education Act, the court may award reasonable attorneys' fees to the parent or guardian of a student with a disability if he/she is the prevailing party. Fees awarded shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished. No bonus or multiplier may be used in calculating the fees awarded.

Attorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding for services performed subsequent to the time of a written offer of settlement to a parent if:

1. The offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;

2. The offer is not accepted within 10 days; and

3. The court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.

Notwithstanding the above, an award of attorneys' fees and related costs may be made to a parent who is the prevailing party and who was substantially justified in rejecting the settlement offer.

The court shall reduce, accordingly, the amount of the attorneys' fees awarded whenever the court finds that:

1. The parent, during the course of the action or proceeding, unreasonably protracted the final resolution of the controversy;

2. The amount of the attorneys' fees otherwise authorized to be awarded unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience;

3. The time spent and legal services furnished were excessive considering the nature of the action or proceeding; or

4. The attorney representing the parent did not provide the school district the appropriate information in the due process complaint.

Attorneys' feeds shall not be reduced in any action or proceeding if the court finds that the state or local educational agency unreasonably protracted the final resolution of the action or proceeding, or there was a violation of procedural safeguards.

Attorneys' fees may not be awarded relating to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action.

### Surrogate Parents

A local school district must make reasonable attempts to contact the parent of a student who has been referred for or is in need of special education and related services. If the parent cannot be identified or located or the student is a ward of the state, the local district must request the appointment of a surrogate parent by ISBE.

The person selected as a surrogate cannot be an employee of a public agency which is involved in the education or care of the student, can have no interest that conflicts with the interest of the student he/she represents, and must have knowledge and skills to ensure adequate representation of the student. (An agency employee is not disqualified for appointment as a surrogate solely because he/she is paid by the agency to serve as a surrogate parent.)

The surrogate parent may represent the student in all matters relating to the identification, evaluation and educational placement of the student and the provision of a free, appropriate public education to the student.

### Access to Records

A local district must permit a parent to inspect and review any educational records relating to his/her student which are collected, maintained or used by the district. The district shall comply with a request to review the educational record without unnecessary delay and before any meeting regarding a multidisciplinary conference, individualized education program or hearing relating to the identification, evaluation, or placement of the student and, in no case, more than 15 school days after the request has been made.

The right to inspect and review educational records includes:

1. The right to a response from the participating district to reasonable requests for explanations and interpretations of the records;

2. The right to have a representative of the parent inspect and review the records; and

3. The right to request that the school district provide copies of education records if failure to provide those copies would effectively prevent the parent from exercising his/her right to inspect and review the records at a location where they are normally maintained.

A local school district may presume that the parent has authority to inspect and review records relating to his/her student unless the school district has been advised that the parent does not have the authority under applicable state law governing such matters as guardianship, separation and divorce.

If any education record includes information on more than one student, the parent will be allowed to review only the information relating to his/her student or to be informed of that specific information.

A local school district must provide a parent, upon request, a list of the types and locations of the education records collected, maintained or used by the district.

### Fees for Searching, Retrieving, and Copying Records

A local school district may not charge a fee to search for or retrieve information.

A local school district may charge a fee of not more than $.35 per page of the record which is copied for a parent if the fee does not effectively prevent the parent from exercising his/her right to inspect and review those records.

### Record of Access

A local school district must keep a record of parties obtaining access to education records collected, maintained or used (except for parents and authorized employees of the local district), including the name of the party, the date access was given, and the purpose for which the party is authorized to use the records.

## Amendment of Records at Parent's Request

A parent who believes that information in the education records collected, maintained, or used is inaccurate or misleading or violates the privacy or other rights of the student may request the participating district which maintains the information to amend the record.

The local school district must decide whether to amend the information in accordance with the request within 15 school days from the date of receipt of the request. If the district decides to refuse to amend the information in accordance with the request, it must inform the parent of the refusal and advise the parent of his/her right to a hearing as set forth below.

The school district must, upon request, provide an opportunity for a hearing to challenge information in education records to ensure that it is not inaccurate, misleading, or otherwise in violation of the privacy or other rights of a student.

If, as the result of a hearing, the school district decides that the information is inaccurate, misleading or otherwise in violation of the privacy or other rights of the student, it must amend the information and inform the parent in writing that it has done so.

If, as a result of the hearing, the school district decides that the information is not inaccurate, misleading or otherwise in violation of the privacy or other rights of the student, it must inform the parent of his/her right to place in the education records maintained on the student a statement commenting on the information or setting forth any reasons for disagreeing with the decision of the school district. Any explanation placed in the records of the student must be maintained by the school district as part of the student's records for as long as the record or contested portion is maintained by the school district. If the records of the student or contested portions are disclosed by the district to any party, the explanation must also be disclosed.

ISBE 34-57J (9/97)



**ILLINOIS STATE BOARD OF EDUCATION**
100 North First Street, Springfield, Illinois 62777-0001