UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY MALONE & BARBARA SIMS-MALONE, both on behalf of ANTHONY DeLANCE MALONE, deceased<br><br>Plaintiff,<br><br>v.<br><br>ILLINOIS STATE BOARD OF EDUCATION, BLOOMINGTON SCHOOL DISTRICT #87 ROBERT NIELSON, BECKY FRANCOIS, BARRY REILLY, CINDY HELMERS, CINDY LUNDBERG, ANN MARIE STEPHEN, TIM MOORE, JOEL MISUKONIS, DONNA EAGLES,<br><br>Defendants. | Case No. 04-1137 |

# O R D E R

This matter is now before the Court on Defendants Illinois State Board of Education's and Bloomington School District's Motions to Dismiss [#61, #64] under Federal Rules of Civil Procedure 12(b)(6). Plaintiffs Anthony Malone and Barbara Sims-Malone bring this action for violations of 42 U.S.C. § 1983 and the Individuals with Disabilities Education Act on behalf of their son Anthony DeLance Malone ("Lance"), who passed away before the initiation of this lawsuit. Because neither the Individuals with Disabilities Education Act nor 42 U.S.C. § 1983 are able to afford the Malones any relief, Defendants' Motions to Dismiss [#61, #63] are granted, and Plaintiffs' claims are dismissed.

**STANDARD OF REVIEW**

In resolving a motion to dismiss, this Court must consider all well-pled facts as true and must draw all inferences in favor of the non-moving party. *Bontkowski v. First Nat'l Bank of Cicero,* 998 F.2d 459, 461 (7th Cir. 1993). In ruling on a motion to dismiss, Courts consider whether relief is possible under any set of facts that could be established consistent with the allegations in the complaint. *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957). This Court will dismiss a claim only if it is beyond doubt that no set of facts would entitle the Plaintiff to relief. *Chaney v. Suburban Bus. Div.*, 52 F.3d 623, 627 (7th Cir. 1995); *Venture Associates. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 432 (7th Cir. 1993).

**BACKGROUND**

Plaintiffs Anthony Malone and Barbara Sims-Malone bring this lawsuit on behalf of their son, Anthony DeLance Malone ("Lance"). Plaintiffs allege that the Illinois State Board of Education, the Board of Education of Bloomington Public Schools, District No. 87, and various teachers, administrators, and board members of the high school that Lance attended violated the rights guaranteed to him by the Individuals with Disabilities Education Act ("IDEA"). *See* 20 U.S.C. § 1400 *et seq.* Additionally, Plaintiffs bring claims against the Bloomington Public Schools, District No. 87, various teachers, administrators, and board members, both individually and in their official capacities, for damages under 42 U.S.C. § 1983, resulting from Defendants' failure to provide Lance with a free and appropriate education as required by the IDEA.

Lance was a child with disabilities and a child with specific learning disabilities as defined by the Illinois School Code, 105 ILCS 5/14-1.02 and 5/14-1.03a, and a child with a disability as defined by the IDEA. 20 U.S.C. § 1401(3)(A). He was a student at Bloomington

Public Schools, District No.87 High School from 1999 through his graduation in 2003. In accordance with the IDEA, Lance had an Individualized Education Plan ("IEP") for the duration of his attendance at the high school.

On February 17, 2000, Ms. Helmers, Principal of the High School sent a student referral form to Ms. Steffan, Home Economics Teacher at the High School, whereupon they permanently removed Lance from Ms. Steffan's class without notifying Lance's parents or modifying his IEP. On the same day, Lance was removed from the cafeteria for lunch and forced to eat his meals in a detention room alone. Lance was not permitted to buy food but was brought water and a cold sandwich. This treatment continued for approximately three weeks. The school never notified Lance's parents of this development, nor did the school modify Lance's IEP. On approximately March 2, 2000, an IEP meeting was held and Lance's parents were not told about the changes to Lance's classroom assignments or the fact that Lance's place of eating lunch had been moved from the cafeteria to a solitary detention room. During the same academic year, Lance was removed from his regular course of study for fifteen days of out-of-school suspension and sixteen days of in-school suspension. Defendants did not conduct a Manifestation Determination Review, a Functional Behavioral Assessment, or a Behavioral Intervention Plan as required by the IDEA. During these suspensions, Lance was not assisted with his curriculum, was not given make-up work, and make-up work that he did complete was not counted.

Additionally, Plaintiffs claim that Defendants caused Lance emotional distress by failing to implement his IEP when they did not permit Lance to be educated with his peers. Specifically, Plaintiffs allege that Defendants failed to implement the IEP and caused Lance emotional distress when they: (1) instructed Lance's teachers to put Lance at a desk in a corner

instead of being placed with the class, (2) did not conduct reevaluations in a timely manner, (3) enforced rules with regard to going to the parking lot during lunch and wearing identification badges against Lance in a manner different from other students, (4) interfered with Lance's ability to participate in extra-curricular activities, such as basketball, and (5) failed to modify Lance's assignments or tests, to provide one-on-one help when requested by Lance, or accept make-up homework. Furthermore, Plaintiffs allege that the high school principal caused Lance emotional distress by pointing at him and saying negative things about Lance to other administrators and teachers while Lance walked by, such that Lance could hear what the principal was saying. One of Lance's teachers also allegedly told Lance that it did not matter what Lance did, she was going to fail him.

As a result of Defendants' behavior, Lance's parents took him to a psychologist. The psychologist found that Lance suffered from anxiety and depression. Lance's parents incurred costs from sending Lance to the psychologist and now seek damages to recoup their out of pocket expenses, including costs for psychological services, medical services, and the costs of transportation to and from Lance's psychological counseling and medical services.

Throughout the time when the above actions were occurring, Lance's parents repeatedly sent letters to various members of the school board, the high school administration, individual teachers, and Lance's IEP team, informing them that they were violating the IDEA. On October 23, 2000, presumably as a result of these letters, a Due Process Hearing was held in which the School District and the ISBE were made aware of the School District's (1) failure to provide a free appropriate education and implement Lance's IEP, (2) removal of Lance from class and school for a period in excess of ten (10) days without notice to the parents, (3) actions in

requiring Lance to eat lunch alone in a detention room for three weeks, (4) removal of Lance from home economics class and placing him in detention, (5) suspension of Lance for thirty-one days during the 1999-2000 academic year, and (6) failure to provide Lance with make-up work or refusing to count Lance's completed work during the time that Lance was suspended. For reasons that are not clear from Plaintiffs' complaint, the Hearing Officer who conducted the Due Process Hearing never issued a written order and Lance remained a student at the high school.

Subsequently, Plaintiffs sought another due process hearing.[1] The Hearing Officer granted Plaintiffs' multiple requests to postpone the Due Process Hearing and before the hearing was ever held, Lance passed away. As a result, Defendants filed a Motion to Dismiss the Request for a Due Process Hearing with the Hearing Officer on October 31, 2003. The Hearing Officer allowed Plaintiffs to respond to the motion and issued his ruling on January 5, 2004. In his ruling, the Hearing Officer granted Defendants' motion because he found that he was unable to provide any relief to Plaintiffs. Specifically, the Hearing Officer found that he was only authorized to issue definite orders concerning the identification, evaluation, educational placement, or provision of a free appropriate education for the particular student in the case. Because of this limitation on his authority, the Hearing Officer found that his only option was to dismiss the request for a hearing because Lance's death prevented the Hearing Officer granting Lance any relief under the IDEA. As a result of the Hearing Officer's decision to dismiss Plaintiffs' claims, Plaintiffs brought this claim on behalf of Lance in accordance with Section §

---

[1] Plaintiffs' Complaint does not include allegations to clarify what, if anything, happened during the sixteen months between the first due process hearing and January 25, 2002 when the second hearing officer was appointed to the case. However, because any activity that occurred during this time period will not affect the outcome of this motion, the Court merely identifies this gap in the chronology to assist the reader to understand the facts of the case.

1415(i)(2)(A) of the IDEA, which allows parties who are aggrieved by the findings of a hearing officer to bring a civil action in the district court. Defendants have now filed Motions to Dismiss in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## ANALYSIS

**A.   Individuals with Disabilities Education Act**

The IDEA requires states that accept federal funding for the education of disabled children to provide them with a "free appropriate public education." 20 U.S.C. § 1415. Illinois accepts federal funding for this purpose. *Casey K. ex rel. Norman K. v. St. Anne Community High School Dist.,* 400 F.3d 508, 509 (7th Cir. 2005). Under the IDEA, each student must be offered special education and related services under an Individualized Education Plan ("IEP"). *Evanston Community Consolidated School Dist. No. 65 v. Michael M.,* 356 F.3d 798, 802 (7th 2004).

In this case, Plaintiffs allege that Defendants violated various provisions of the IDEA when they failed to provide Lance with a free and appropriate education and failed to abide by the procedural requirements as required by the IDEA. In response, Defendants Illinois State Board of Education ("ISBE") and Bloomington School District, No. 87 argue that Plaintiffs are barred from bringing a claim under the IDEA because Plaintiffs' complaint was filed after the expiration of the statute of limitations. The IDEA does not contain an explicit statute of limitations. *See* 20 U.S.C. 1400 *et seq.* However, the Seventh Circuit addressed this issue in *Dell v. Board of Education of Township High School District* and found that the limitation period found in the Illinois School Code was the appropriate statute of limitations for IDEA claims. 32 F.3d 1053, 1062 (7th Cir. 1994). The relevant section of the Illinois School Code provides that a

party that is unhappy with the decision issued after administrative review may bring a civil action within 120 days after a copy of the decision is mailed to the party. *Id.* at 1059; 105 ILCS 5/14-8.02(j).

In the instant case, the Hearing Officer's decision was sent on January 5, 2004 and Plaintiffs filed their complaint on May 3, 2004. Thus, Plaintiffs complaint satisfied the 120 day statute of limitations because it was filed 119 days after the Hearing Officer's decision was issued. Although Defendants argue that Plaintiff did not file their complaint until May 6, 2004, a thorough review of the pleadings indicates that Plaintiffs initially filed their complaint on May 3, 2004 with their Petition to file In Forma Pauperis. The statute of limitations is tolled once a plaintiff has filed the complaint with a petition to proceed *in forma pauperis*. *Paulk v. Dept. of Air Force, Chanute Air Force Base*, 830 F.2d 79, 83 (7th Cir. 1987). Because Plaintiffs filed their initial complaint 119 days after the Hearing Officer's decision was mailed, Plaintiffs' claims under the IDEA are not time barred.

Despite the fact that Plaintiffs' IDEA claims were timely filed, Plaintiffs have not stated a cause of action under the IDEA. Specifically, Plaintiffs have failed to state a claim because "damages are not 'relief that is available under' the IDEA." *Charlie F. v. Bd. of Educ. of Skokie School Dist.,* 98 F.3d 989, 991 (7th Cir. 1996). Even though Plaintiffs' Complaint characterizes their request for damages as "reimbursement", the remedy Plaintiffs seek is not reimbursement. Plaintiffs' IDEA claims are for compensatory damages. Plaintiffs seek "transportation costs and services rendered on behalf of Lance by psychologists and medical providers" resulting from the actions of Defendants Bloomington School District and ISBE. Plaintiffs are presumably characterizing the expenses that they incurred as reimbursement based on the theory that, but for

7

the alleged failure of the Defendants to provide Lance with a free and appropriate education as required by the IDEA, Plaintiffs would never have incurred these costs. This argument is not persuasive, however, because there is nothing in the Complaint to show that Defendants were obligated under the agreed-upon IEP to provide Lance with counseling services.

The classic reimbursement situation under the IDEA is when a school develops an IEP placing a disabled student in a public school but the parents believe that the only way that the child will receive an appropriate education is if the child is placed in a private school. *See School Committee of the Town of Burlington v. Dept. of Education*, 471 U.S. 359 (1985). Certainly, Defendants had an obligation to provide Lance with a free and appropriate education under the IDEA; however, Plaintiffs do not allege that counseling services were ever part of Lance's IEP.

As the Supreme Court noted in *Town of Burlington*, "[r]eimbursement merely requires the [defendant] to belatedly pay expenses that it should have paid all along and would have borne in the first instance had it developed a proper IEP." 471 U.S. 359, 370–371 (1985). Plaintiffs' Complaint does not contain any facts or allegations from which this Court can reasonably infer that psychological counseling, medical costs, or transportation costs were part of Lance's IEP. Therefore, Plaintiffs' claims are not claims for reimbursement because the school district never had an obligation to pay for these types of services. Plaintiffs' claims are properly characterized as compensatory damages, that is damages to compensate Plaintiffs for the expenses they incurred in sending Lance to counseling. Accordingly, Plaintiffs have failed to state a claim upon which relief can be granted because the IDEA does not authorize this Court to award damages, *see Charlie F.*, 98 F.3d at 991, and due to Lance's death, this Court cannot order

Defendants to adhere to Lance's IEP or work with Plaintiffs to modify the IEP. In other words, Lance's death, coupled with the holding of *Charlie F.,* prevents Plaintiffs from being able to state a claim based on alleged violations of the IDEA because the IDEA cannot provide Plaintiffs with any requested relief under the undisputed facts of this case.

**B.      Section 1983**

Plaintiffs' remaining claims are claims based on 42 U.S.C. § 1983. Plaintiffs allege that Lance's civil rights were violated when Defendants failed to provide him with a free and appropriate education by failing to adhere to the requirements set forth in the IDEA. In response, Defendants argue that Plaintiffs do not have standing to bring a Section 1983 claim on Lance's behalf and that even if Plaintiffs had standing to bring a Section 1983 claim, they are not entitled to monetary relief because their Section 1983 claims are predicated on alleged violations of the IDEA.

    **1.      Standing**

Plaintiffs allege that Defendants violated Lance's rights under Section 1983 when they failed to adhere to the requirements set forth in the IDEA. In response, Defendants argue that Plaintiffs lack standing to bring a claim under Section 1983 because Plaintiffs have not been appointed as administrators of their son's estate, and even if Plaintiffs became the administrators, they do not have standing because a favorable decision in this lawsuit will not redress Lance's injuries.

In every federal case, the party bringing suit must establish standing to bring the action. *Elk Grove Unified School Dist. v. Newdow*, 124 S. Ct. 2301, 2308 (2004). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the

9

dispute or of particular issues." *Id.* (quoting *Warth v. Seldin,* 422 U.S. 490, 498 (1975)). Questions of standing involve both constitutional limitations on federal court jurisdiction as well as prudential limitations on its exercise. *Kowalski v. Tesmer*, 125 S. Ct. 564, 567 (2004).

As a preliminary matter, this Court recognizes that it is not clear from the pleadings when Plaintiffs legally became the administrators for Lance's estate. However, Plaintiffs' subsequent pleadings, *see* Plaintiffs' Memorandum in Support of their Response to Bloomington School District Defendant's for Summary Judgment[2], indicate that Plaintiffs have cured this deficiency and have now been officially appointed as the administrators of Lance's estate. Accordingly, because Plaintiffs could file a third amended complaint in their capacity as administrators, for the sake of efficiency, this Court finds that Plaintiffs are not barred from bringing this suit solely because they are not the administrators of Lance's estate.

Under Article III, the constitutional limitations on standing eliminate cases where the plaintiff is unable to show a case or controversy between himself and the defendant. *Family & Children's Center, Inc. v. School City of Mishawaka,* 13 F.3d 1052, 1058 (7th Cir. 1994). To satisfy Article III, a plaintiff must allege: (1) immediate threat of injury; (2) that is traceable to the defendant's conduct; and (3) that a favorable decision will likely redress or remedy the injury. *Id.* In the instant case, it is not clear whether Plaintiffs have standing to bring a claim under Section 1983. Specifically, Plaintiffs only have standing if Plaintiffs have a cause of action under Section 1983. Since this Court finds that Plaintiffs have failed to state a claim upon

---

[2] This Court recognizes that this pleading is improperly titled; however, for the sake of efficiency and because of the circumstances involved in this case, this Court reads this Memorandum as Plaintiffs' pro se attempt to respond to Defendants Motions to Dismiss. Pleadings filed by pro se plaintiffs are held to less stringent standards than formal pleadings drafted by lawyers. *Hughes v. Rowe,* 449 U.S. 5, 9 (1980).

which relief can be granted under Section 1983 because Section 1983 is unable to provide Plaintiffs with a remedy, this Court finds that Plaintiffs lack standing to bring a Section 1983 claim.

### 2.    Damages under Section 1983

Plaintiffs are only able to state a cause of action under Section 1983 if plaintiffs are able to recover monetary damages under Section 1983 based on IDEA violations. Currently, there is a circuit split regarding whether a Plaintiff may use Section 1983 to recover damages based solely on alleged violations of the IDEA. *Compare Crocker v. Tennessee Secondary School Athletic Ass'n*, 980 F. 2d 382, 387 (6th Cir.) (holding that Section 1983 does not provide a right to damages based solely on alleged violations of the IDEA); *Sellers by Sellers v. School Bd. of City of Mannassas*, 141 F.3d 524, 529 (4th Cir. 1998) (finding that the IDEA "provides a comprehensive remedial scheme for violations of its own requirements" and therefore parties may not sue for damages under Section 1983 for IDEA violations); *Heidemann v. Rother,* 84 F.3d 1021, 1033 (8th Cir. 1996) (holding "plaintiffs' claims based upon defendants' alleged violations of the IDEA may not be pursued in this § 1983 action because general and punitive damages for the types of injuries alleged by plaintiffs are not available under the IDEA) *with W.B. v. Matula,* 67 F.3d 484, 495 (3d Cir. 1995) (advising district courts that educational services may be more beneficial to the child yet recognizing that the district courts may choose to award monetary damages); *Frazier v. Fairhaven School Committee*, 276 F.3d 52, 64 (1st Cir. 2002) (implying that Section 1983 claims for monetary damages predicated solely on IDEA claims will be permitted as long as Plaintiffs exhaust all of the administrative requirements of the IDEA prior to filing a civil action). To date, the Seventh Circuit has not ruled on this issue;

11

however, this Court finds the Seventh Circuit's decision in *Charlie F*. coupled with the district court's holding in *Maldonado v. Illinois State Board of Education,* No. 01-C-7757, 2003 WL 1713834, at *7 (N.D.Ill. 2003), lead this Court to find that the Seventh Circuit would agree that Plaintiffs cannot use Section 1983 to avoid the fact that monetary damages are not available for IDEA violations. *See Charlie F.,* 98 F.3d 989; *Maldonado*, 2003 WL 1713834, at *7.

In *Charlie F*., the Seventh Circuit clearly held that damages are not relief that is available under the IDEA. 98 F.3d at 991. Although *Charlie F*. did not specifically address whether a plaintiff could pursue damages under Section 1983 for an IDEA violation, the *Maldonado* court reviewed this issue and found that a plaintiff may not use Section 1983 to sue for damages predicated solely on an alleged violation of the IDEA. *Maldonado,* 2003 WL 1713834, at *7. Specifically, the *Maldonado* court found that plaintiffs could not circumvent the holding in *Charlie F*. by suing under Section 1983 instead of the IDEA. *Id.* Quoting the Sixth Circuit's opinion in *Crocker v. Tennessee Secondary School Athletic Ass'n*, the court noted that "Section 1983 merely secures the federally protected rights a plaintiff already holds. It does not expand those rights . . . Section 1983 [does] does not provide a right to damages where none existed before." *Id.*; *Crocker*, 980 F.2d at 387. This Court agrees.

The IDEA does not provide a plaintiff with a right to damages and therefore, a plaintiff should not be able to use Section 1983 to circumvent the limited remedies that the IDEA provides. Although the Court sympathizes with the Malones for their terrible loss and recognizes that this decision may appear to lack compassion, the Court is bound to apply the facts of each case to the applicable law to determine the correct result. The type of remedy the Malones are seeking can only be created by Congress by an amendment to the IDEA. To the

12

extent that Plaintiffs are dissatisfied with the current status of the law, that is an issue for the legislature not the judiciary. Accordingly, the Court agrees with the holdings of the Fourth, Sixth, and Eighth Circuits as well as the district court's analysis in *Maldonado* and finds that Plaintiffs' Section 1983 claims fail to state a cause of action upon which relief can be granted because they cannot achieve any relief under Section 1983, based solely on an underlying violation of the IDEA.

## CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss [#61, #63] are granted. Plaintiffs have failed to state a claim upon which relief can be granted because neither the IDEA nor Section 1983 are able to provide Plaintiffs with monetary damages resulting from Defendants' failure to adhere to the requirements of the IDEA.

ENTERED this 23rd day of September, 2005.

                                                                  s/ Michael M. Mihm
                                                                     Michael M. Mihm
                                                        United States District Judge